E. H. SANFORD v. H. D. SHEPARD.

1. EVIDENCE; *Competency; Value of Land.* It is not error for the court to exclude the testimony of a witness, as to the value of land, where it is not shown that such witness has any knowledge of what the value of the land was at the time material to the issue in the case; and even where such a witness is acquainted with the land, and with the neighborhood in which the land is situated, but when it is not shown that better evidence could not be procured, it is not error to exclude such testimony.

2. PLEADING IN JUSTICES COURTS; *Statute of Limitations; Practice.* It is not necessary in a justice's court that the statute of limitations should be specially pleaded, or that the question should be raised by demurrer, but the question may be raised by objecting to evidence introduced on the trial for the purpose of proving a claim barred by the statute; and where a case is appealed from a justice's court to the district court, it should be tried in the district court, so far at least as the statute of limitations is concerned, in the same manner as it would be tried if tried in the justice's court.

3. INSTRUCTION; *Construction of Contract.* Where the court below instructed the jury that the word "soon" used in a contract, implied "within a reasonable time," *held,* not error requiring a reversal of the judgment.

4. AGREEMENT TO "QUITCLAIM;" *Title of Grantor immaterial.* Shepard and Sanford agreed to exchange lands which they respectively held under tax titles, and Sanford conveyed his title to Shepard, and Shepard in consideration therefor paid Sanford $400, and agreed that he would "soon" transfer his title to Sanford by a quitclaim deed; but before Shepard transferred his title to Sanford it was ascertained that Shepard's title was not worth much, and Sanford then desired to recover the value of the land (less said $400) the title to which he had transferred to Shepard. *Held,* that it was not necessary that

Shepard should have had a good or perfect title to the land which he agreed to convey to Sanford, in order to prevent Sanford from recovering for the value of the land Sanford conveyed to Shepard. Sanford was merely entitled to his "quitclaim" deed from Shepard for the land to which Shepard held a tax title.

*Error from Osage District Court.*

SHEPARD sued *Sanford* in a justice's court on an account for goods sold and delivered, claiming a balance of $194.95. The record does not contain the pleadings before the justice, nor show what defense or defenses were there interposed by *Sanford.* The case was taken to the district court by appeal, where by consent of parties and leave of court new pleadings were filed. *Shepard* filed a petition, counting on a book account for goods, wares and merchandise sold and delivered, and claimed said balance of $194.95, and interest. *Sanford* answered, setting up several defenses; first, that plaintiff was indebted to him in the sum of $2,000 "as a balance due defendant, after a payment of $400, on account of the value of 162½ acres of land in Lyon county, [describing the land,] with interest thereon from August 12th 1869, being the day of the delivery of the deed of said premises by defendant to plaintiff." A second defense was a claim for an alleged indebtedness "in the sum of $500 for and on account of hewn and sawed timber, and other timber taken from the lands of defendant by plaintiff in Lyon county in 1867, 1868, and 1869." A third defense was a claim for $100 for services as an attorney-at-law rendered by *Sanford* for *Shepard,* in November 1869. A fourth defense was for a check for $40 delivered by defendant to plaintiff, in October 1869. These defenses were pleaded as set-offs, and defendant claimed judgment for the balance due him. *Shepard* replied, first, a general denial; second, that the demands of *Sanford* exceeded the amount over which a justice's court has jurisdiction; third, that defendant's first defense was founded upon an agreement between plaintiff and defendant to exchange lands held by the parties respectively under tax titles; that such exchange on the part of plaintiff was to be by quitclaim deed;

that no time was fixed for the execution of such deed; that defendant had never demanded a deed, and plaintiff was ready and willing to convey by quitclaim, as he had agreed. Trial at the April Term 1873. The bill of exceptions contains a memorandum signed by *Shepard,* and dated August 12th 1869, acknowledging the receipt of a deed from *Sanford,* in which *Shepard* says, "and I agree to make a deed (quitclaim) of S.W.¼ sec. 24, T. 14, R. 12, Wabaunsee county, soon." Verdict and judgment in favor of *Shepard* for $90.75. Other facts, and the questions on the instructions, are stated in the opinion, *infra. Sanford* brings the case here on error.

*E. H. Sanford,* plaintiff in error, for himself.

*Ellis Lewis,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error claims in his brief that the judgment of the court below should be reversed for, "1st, error of law at the trial," and "2d, refusal to grant the motion for new trial." He then elaborates these grounds for error, and we will notice his points in the order presented. The first is as follows:

"1st.--The court erred in ruling out the testimony of Weaver, Stinson, and others, in relation to the value of the land and timber. The statute of limitations was not pleaded, and failure to demur was a waiver."

As the case is presented to us we do not think that the court below erred in excluding said testimony. It was not only not shown that the witnesses knew the value of the land and timber at the required time, but it was actually shown that they did not know such value. It is true, the witnesses were acquainted with the land, and with the neighborhood in which the land was situated, but they did not know the value of the land at the time material to the issues in this case. It is possible that if their testimony had been the best that could have been procured it would have been admissible; but there was no claim or even pretense that it·was the

best that could have been procured. It does not appear but there were many persons who knew the value of said lands whose testimony could have been procured. When testimony is offered which from its nature or character appears not to be the best the case admits of, it is the duty of the party offering it to show affirmatively that the evidence he is attempting to introduce is the best evidence that can be procured; and if it is then excluded, it devolves upon such party to show affirmatively to the appellate court that the trial court erred.

This action was commenced in a justice's court, and appealed to the district court, where the judgment complained of was rendered. Now we do not think that it is necessary in a justice's court that the statute of limitations should be specially pleaded, or that the question should be raised by demurrer, but the question may be raised by objecting to evidence introduced on the trial for the purpose of proving a claim barred by the statute. And when a case is appealed from a justice's court to the district court, it should be tried in the district court, so far at least as the statute of limitations is concerned, in the same manner as it would be tried (if tried) in the justice's court. (See §§ 71 to 74 of the justices act, Gen. Stat., 791, and § 122 of the justices act as amended, Laws of 1870, page 184, § 7.)

We now come to the next portion of the plaintiff's brief, which claims that the court below erred in its instructions. The plaintiff claims that the court erred in the 3d, 6th, 7th, 8th, 9th, 10th, and 13th instructions which were given, and in refusing to give the 1st and 2d instructions asked by plaintiff in error. The exceptions to said instructions given, as shown in the record, were as follows:

"All these instructions excepted to by the defendant. To the giving of the 3d, paragraph of the foregoing instructions the defendant then and there excepted; also the 6th and 7th instructions."

The plaintiff in error does not now complain of the 3d paragraph or instruction. And as to the 8th, 9th, 10th, and

13th instructions, there was no sufficient exception. (See *Furguson v. Graves*, 12 Kas., 39, 44, and cases there cited.) Whether there was a sufficient exception taken to the giving of either the 6th or 7th instructions, is doubtful. But suppose there was, then were such instructions erroneous? As to the 6th instruction the plaintiff in error in his brief says:

"In the 6th instruction the court errs in saying the word 'soon,' means, in a reasonable time. This leaves the jury to accept a wrong definition, and shifts the responsibility the law imposes upon the court."

The instruction reads as follows:

"6th.–If there is no time specified for the performance of an act, or if it is specified that it is to be performed *soon*, the law implies that it is to be performed within a *reasonable time*."

There is certainly no error in this sufficient to reverse the judgment. The 7th instruction reads as follows:

"7th.–If you believe from the evidence that at the time the defendant executed and delivered his deed to plaintiff for the Lyon county land, there was an agreement that the plaintiff was not at that time to convey to defendant the Wabaunsee county land mentioned in plaintiff's reply, then and in that event a demand by the defendant and a refusal by the plaintiff prior to the commencement of this action would be necessary in order to entitle the defendant to recover the value of the land by him deeded to the plaintiff, unless the plaintiff had placed himself in a condition that he could not convey said land to defendant."

Upon which the plaintiff in error in his brief says:

"As to the 7th general instruction, it should have been given with the *proviso* that Shepard had a title at the time he was to convey. The conveyance was to be 'soon.'"

We should hardly think that such a proviso should be inserted. Shepard did not agree to execute to Sanford anything more than a *quitclaim* deed for the Wabaunsee county land. There is no evidence that Shepard ever pretended that his title was perfect, and it was not necessary that he should have had a perfect title. It is not claimed that there was any fraud in the transaction; and in the absence of fraud it was not not necessary that Shepard should have had a good title.

The transaction that called forth this instruction seems to have been an exchange of lands held by the parties respectively under tax titles. Sanford transferred his title to the Lyon county land to Shepard, and Shepard in consideration therefor paid him $400, and agreed that he would "soon" transfer his title to the Wabaunsee county land to Sanford by a quitclaim deed. It seems however that afterward, but before Shepard transferred his said title to Sanford, it was ascertained that Shepard's title to said Wabaunsee county land was not very good, and therefore Sanford now wants to recover from Shepard the value of said Lyon county land, less said $400. But Shepard wants Sanford to take said quitclaim deed for said Wabaunsee county land. And this is really all that Sanford is entitled to. The refusal to give the 1st instruction asked for by plaintiff in error raises the same question as the giving of said 6th instruction, and hence we need not say anything further with reference thereto.

The 2d instruction asked for by plaintiff in error, and refused, is as follows:

"2d.—As to the demand for the timber on the defendant's land under the contract adduced on the trial, if the jury find that the timber was to be first demanded, that the demand was not made for the whole or any part of said timber, the value of the recovery would be the true value of so much of said timber as may be proven to be taken away from the defendant by the plaintiff without such demand."

The only reference in the brief of plaintiff in error to this instruction is as follows: "Likewise in refusing the 2d special instruction as to the demand for timber." Was said refusal an error? And if so, why? Was there any evidence to found such an instruction upon? If the court erred in refusing to give it, the error is certainly not apparent, and the plaintiff in error has not taken the trouble to point out the error to us, or to state in what it consists.

The judgment of the court below is affirmed.

All the Justices concurring.