## JOHN ALEXANDER V. ORAMEL SHONYO.

MORTGAGEE OF REAL PROPERTY, *Before Foreclosure, Has No Right to Mortgaged Property.* A mortgagee of real estate, where the mortgagors were insolvent and the premises insufficient to pay the mortgage lien, instituted an action against S. to recover for the conversion of a boiler and engine taken by him after he had obtained a tax-sale certificate on the premises. The certificate during the pendency of the action ripened into a tax deed, which S. also obtained. The trial court found the value of the boiler and engine to be fifty dollars, the mortgaged premises to be inadequate to pay the expenses of a foreclosure suit, and the amount of taxes paid by S. $304.34, for which he had a first lien. The mortgagee neither attempted to redeem the premises, nor tendered the taxes paid by S. *Held*, That the mortgagee was not entitled to recover in the action.

### *Error from Doniphan District Court.*

TROVER, brought by *Alexander*, to recover from *Shonyo* the value of a steam engine and boiler alleged to have been taken and converted by *Shonyo*. In January 1870, one Moyer and his wife executed a mortgage of three certain lots in the city of White Cloud, to and in favor of *Alexander*, to secure an indebtedness of $1,500. One Andrew Parker was the owner of said three lots in 1869. At that time there were a planing mill and a saw mill situated on the property, and the property was otherwise improved. In December 1869, Parker and wife executed two mortgages of said property in favor of *Shonyo*, one to secure an indebtedness of $867, and interest, and the other to secure an indebtedness of $1,000, and interest. Both the Parker mortgages described the property mortgaged, as follows: "Lots 13, 14, and 15, in Block 49, in the city of White Cloud, together with one plane and one saw mill, fixtures, and machinery on said premises, (one boiler and engine not included.)" Shortly after these mortgages were executed and recorded, Parker and wife conveyed the property to Moyer. The mortgage executed by Moyer and wife to *Alexander*, was upon said three lots, "together with all the tenements, hereditaments, and appurtenances."

There is nothing in the record showing that any portion of the indebtedness owing to *Shonyo*, secured by the Parker mortgages, has been paid. In his petition *Alexander* alleges, among other matters, that no portion of the indebtedness due to him, secured by the Moyer mortgage, has ever been paid, and his petition contains the averment, "that said boiler and engine were the only property out of which the plaintiff's debt could be made." Neither Parker, nor Moyer, nor *Shonyo*, nor *Alexander*, paid the taxes levied on the mortgaged property, and the three lots went to tax sale. *Shonyo* subsequently purchased the tax-sale certificate, and thereon obtained a tax deed. Before obtaining his tax deed, *Shonyo* removed the engine and boiler, took them out of the state, and sold them. *Alexander* brought this suit to recover their value. The district court, at March Term 1876, gave judgment in favor of *Shonyo*, defendant, and the plaintiffs bring the case here.

*W. D. Webb*, for plaintiff:

1. The court erred in holding that the tax-sale certificate gave defendant a right to remove the boiler and sell it.

2. The action for conversion may be maintained; and when the defendant has rendered it impossible for us to reach the property, we may sue for conversion, before foreclosure.

*Albert Perry*, for defendant:

1. The record shows that the plaintiff is a mortgagee, suing for conversion of mortgaged property before foreclosure and sale, and no stipulation in the mortgage that on default mortgagee is to have possession. A mortgagee cannot maintain such action: Gen. Stat. 582, §1; 1 Kas. 281; 2 Kas. 385. The judgment of the court below was right, although its reasons therefor may be bad. Appellate courts will not in such cases reverse the judgment: 14 Ohio, 58.

2. It is doubted whether the property sued for is a part of the realty: 10 Kas. 316; 14 Ohio St. 564; 18 N. Y. 28; 20

N. Y. 344. If this property was personalty, and it seems to have been treated as such, as it was excluded in the Shonyo mortgage, and was not mentioned in plaintiff's mortgage, the plaintiff had no lien, as his mortgage was not filed as a chattel mortgage.

3. The defendant had a tax deed made, upon a certificate assigned to him, of the property upon which the engine and boiler were situated. If they were part of the realty, Shonyo became the owner by purchase of the tax certificate: 4 Kas. 366, 369.

The opinion of the court was delivered by

Horton, C. J.: There are several reasons in this case for the affirmance of the judgment of the court below. In the first instance, it is very doubtful, under the provisions of our statute relating to mortgages of real estate, whether a mortgagee, before foreclosure of his lien, can maintain any action for damages to the premises described in the mortgage, notwithstanding the insolvency of the mortgagor, and the insufficiency of the mortgaged premises to pay the claim against it. *Vanderslice v. Knapp*, ante, p. 647; *Chick v. Willetts*, 2 Kas. 385. But we need not pass upon that question. The record discloses the fact, that with the exception of the boiler and engine, for the value of which this action is brought, the premises would not pay the expense of a foreclosure; that said boiler and engine were worth at the time they were sold, only fifty dollars; that prior to such sale, the defendant in error purchased from Doniphan county a tax-certificate on the mortgaged premises, for $304.34, which said tax-certificate was during the pendency of the action in the court below presented to the county clerk of Doniphan county, and a tax deed obtained thereon to such defendant. Plaintiff in error has never attempted to pay these taxes, or redeem the property. The taxes, in any event, are a first lien on all the property embraced in the mortgage of plaintiff, and the lien continues until such taxes, and any penalty, charges, and interest which may have accrued, shall be paid by the owner,

or other person liable to pay the same. The statute further provides, that where any real estate shall be sold on a foreclosure, the court shall order all taxes (and penalties thereon) against such lands to be discharged out of the proceeds of such sale. *Opdyke v. Crawford*, 19 Kas. 604. So if the defendant had not disturbed the mortgaged premises, on a sale under a foreclosure, the property, including the boiler and engine, if it brought its value, would have realized less than $100. Instead of bringing an action in foreclosure, the plaintiff attempts to obtain judgment for the injuries to the real estate by the removal of the engine and boiler, and, without reimbursing the defendant for the sums expended by him, (which sums are a first lien on the property under the tax-certificate,) claims the right to realize, in this way, all the value of the mortgaged premises, without being compelled to ,pay, or to have deducted from its value, the taxes due. The plaintiff's claim cannot be maintained, and he was properly defeated. The facts show that Shonyo, under his tax-certificate, had a superior claim to the property sued for to that made by Alexander under his mortgage. The lien of the latter was subordinate to the lien of the former. It is immaterial whether the conclusions of the court below as to the law of the case, were erroneous or not. The facts warranted no judgment against the defendant, and no error was committed prejudicial to the plaintiff.

It is exceedingly strange that the taxes and charges so greatly exceeded the value of all the premises; and no reason is shown why defendant paid over $300 to obtain a tax title to property of less value than $100. But we take the findings of fact as they are presented, and base our opinion thereon.

The judgment of the district court will be affirmed.

All the Justices concurring.