Robbins v. Sackett.

<table>
<tr><td>23</td><td>301</td></tr>
<tr><td>45</td><td>456</td></tr>
<tr><td>23</td><td>301</td></tr>
<tr><td>47</td><td>360</td></tr>
</table>

<table>
<tr><td>23</td><td>301</td></tr>
<tr><td>e74.</td><td>713</td></tr>
</table>

## E. ROBBINS, et al., v. SARAH JANE SACKETT.

1. PRACTICE; *No Error.* The plaintiff sued the defendant before a justice of the peace, for the value of a house alleged to have been removed and converted by the defendant. Afterward the case was taken to the district court on appeal, where the defendant asked to file an answer, setting up a counter claim for rent for the house. The court refused to permit the answer to be filed. On the trial it was shown that the house belonged to the plaintiff, and not to the defendant. *Held,* That said refusal was not erroneous, nor material if erroneous.

2. MORTGAGE OF REAL ESTATE; *Title.* A mortgage of real estate does not confer title; and hence a mortgagee of real estate cannot claim, by virtue of his mortgage, to own a house situated on the mortgaged property.

3. FRAUD, *Question of.* Where a sale is made for the purpose of defrauding creditors, and afterward the claim of one of such creditors is

extinguished and satisfied, such creditor cannot afterward raise the question as to fraud in such sale.

4. STATUTE OF LIMITATIONS; *Possession; Notice.* Where a person is continuously in the open, notorious, and undisturbed possession of personal property, for more than two years, all the time claiming to own the same, it becomes his by virtue of the two-years statute of limitations; at least, as against all persons having knowledge of such possession, and claiming adversely.

5. ——— *Practice.* Where a person sues before a justice of the peace for the conversion of personal property, setting up that he is the owner thereof, it is not necessary for him to allege how he became the owner.

6. PRACTICE; *No Error.* Where a case is tried by the court without a jury, and after all the evidence is introduced, and after the first argument by the counsel is made in the case, the defendant moves the court to strike out all the testimony of a certain female witness concerning conversations had between herself and husband, without designating in the motion any particular portions of such testimony, and this testimony was all introduced without objection, a portion thereof being introduced by the plaintiff and a portion by the defendant on cross-examination, and some of it was probably competent, and if all of it had been stricken out, still the same findings and the same judgment must necessarily have been made and rendered that were made and rendered, and the court overruled said motion, *held,* that no material error was committed.

*Error from Bourbon District Court.*

AT the December Term, 1878, of the district court, *Sackett,* as plaintiff, had judgment against *Robbins* and another, as defendants, who bring the case here on error. The nature of the action, and the facts, appear in the opinion.

*Eugene F. Ware,* for plaintiffs in error.

*Lowe & French,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Sarah Jane Sackett against E. Robbins and Harriet Robbins, for the value of a small frame box house or shanty, alleged to have been wrongfully removed by the said defendants, and converted to their use. In 1873, this house was situated on a forty-acre piece of land, near the village of Godfrey, in Bourbon county, Kansas. The land was owned by E. C. H.

Myers, the then husband of the plaintiff, and the house was occupied as a residence by Myers and the plaintiff, and their children. Mrs. Robbins procured a tax title to the property; and Myers at the same time was indebted to Robbins. On July 13, 1874, Robbins and wife executed a quitclaim deed for the property to said E. C. H. Myers, and on July 31, 1874, Myers and wife executed a mortgage on the property to Mrs. Robbins to secure the payment of the consideration for said quitclaim deed and said indebtedness of Myers to Robbins. On December 13, 1874, Myers sold said house to his wife, and she immediately thereafter removed it from said forty-acre piece of land into the village of Godfrey. The defendants claim that this sale was fraudulent, and therefore void. Mrs. Myers, immediately after the removal of said house, moved into it, in Godfrey, and continued to reside therein, claiming the same as her own until October, 1878. On February 26, 1875, Myers and wife, in payment of said mortgage, executed a deed for said piece of land to Mrs. Robbins, and the mortgage was canceled. The house was not on the land at that time, as we have already stated. Myers lived with his wife in said house in Godfrey until March, 1876, when he abandoned her, and left for parts unknown. Before he left the county, however, he agreed with Mrs. Robbins that said house should be considered as hers, and that he would pay rent to her for it at the rate of $1.50 per month; and he actually paid her $1.65 as rent on September 12, 1875. But Mrs. Myers had no knowledge of this, and did not know that Mrs. Robbins ever claimed any interest in the house. No claim for rent was ever made by Mrs. Robbins, or by any one else, to Mrs. Myers. Mrs. Myers, having procured a divorce from Myers, and having married a Mr. Sackett, left the house in October, 1878; and on October 28, 1878, the defendants, Mr. and Mrs. Robbins, forcibly and without the consent of Mrs. Myers-Sackett, removed said house, and converted the same to their own use. On November 6, 1878, Mrs. Sackett commenced this action for the value of the house, which value was $75. She re-

covered a judgment for that amount, and the defendants, now as plaintiffs in error, bring the case to this court.

The plaintiffs in error assign various supposed errors, but we do not think that any of them are tenable.

I. They claim that the court below erred in refusing to permit them to file an an answer, setting up a counter claim for rent for said house. Such refusal, however, we think was not erroneous; nor was it material, if erroneous. It is for the court to determine whether new pleadings should be filed on an appeal. (Justices' Code, § 122; Comp. Laws of 1879, p. 720.) And the defendants in this case were not prevented from proving any counter claim which they may have had, by reason merely of said refusal to permit them to file said answer. (*Stanley v. Farmers' Bank,* 17 Kas. 592, 596; *Sanford v. Shepard,* 14 Kas. 228, 231.) But they had no valid counter claim. Mrs. Sackett owned said house, and the defendants were not entitled to receive rent from her for it.

II. The plaintiffs in error, defendants below, also claim that the court below erred in refusing to permit them to read in evidence said mortgage from Myers and wife to themselves. Of course, they do not claim that they owned said house, or that they had any title thereto, by virtue of said mortgage; for a mortgage does not confer title in this state. (*Vanderslice v. Knapp,* 20 Kas. 647; *Alexander v. Shonyo,* 20 Kas. 705; *Buckout v. Swift,* 27 Cal. 433.) Besides, this mortgage had been satisfied and canceled several years prior to the commencement of this suit, but it is claimed that it tended to show fraud in the sale of said house by Myers to his wife. Now, for the purposes of this case, suppose that it did tend to show such fraud: how will that help the defendants? The only debt which the defendants ever held against Myers or wife, which could possibly have been affected by this sale, had long prior to the removal of said house, and long prior to the commencement of this suit, been extinguished and satisfied, and therefore the defendants cannot now raise any question as to fraud in said sale; for only the actual and existing creditors of Myers can raise any such question. Of course,

we do not take into consideration said supposed debt of Myers for rent, for that debt, if valid, could not be affected by said sale in the least. Mrs. Myers knew nothing of that debt, and the sale was evidently not made in contemplation thereof, or in fraud thereof. But suppose, for the purposes of this case, that the sale was in fact made for the sole purpose of defrauding these defendants, with reference to some debt or claim, and suppose that such debt or claim has not yet been extinguished or satisfied, and suppose that the defendants have properly raised the question of fraud: then can such fraud avail the defendants anything in this case? We think not. The parties admit that this house was personal property, and the court below found it to be such; and Mrs. Myers-Sackett was in the open, notorious and undisturbed possession thereof, continuously from December, 1874, up to October 28, 1878, when the defendants took it from her; and during all this time she claimed to own the property, and believed it to be hers. Under such circumstances, we think the two-years statute of limitations has made the property hers, notwithstanding any supposed fraud in procuring it, and without reference to the manner of her procuring it. (Civil Code, § 18, subdivision 3.) The defendants well knew of her possession; and for more than two years of such possession she was the sole possessor, or at least the head of the family in possession; and her possession was adverse to the defendants. And yet the defendants did not disturb her possession, or intimate that they had any supposed claim to the house. Said statute of limitations makes the property hers in any action, whether she should be plaintiff or defendant. (Civil Code, § 25.) Her bill of particulars sufficiently alleged ownership. It was not necessary for her to allege how she procured the ownership. Such is seldom necessary, even in the district court. And it is seldom, if ever, necessary to plead the statute of limitations in a justice's court, (and this action was commenced in such a court,) even though the claim be for money. (*Sanford v. Shepard,* 14 Kas. 228, 231.)

If said house was real estate at the time that the defendants removed it and converted it, they certainly had no claim to it.

20—23 KAS.

Of course the defendants cannot claim said house by virtue of their deed from Myers and wife, for at the time that said deed was executed the house was not on the land conveyed, and the deed did not purport to convey or transfer the house.

III. The plaintiffs in error also claim that the court below erred in overruling a motion to strike out certain evidence. This motion was made after all the evidence was introduced, and after the first argument of counsel was made in the case. The motion was to strike out all the testimony of Mrs. Myers-Sackett concerning conversations had between herself and husband, without designating in the motion any particular portions of such testimony. This testimony was all introduced without objection; a portion thereof was introduced by the plaintiff, and a portion by the defendants, on cross-examination; some of it was probably competent; and if all of it had been stricken out, still the same findings and the same judgment must necessarily have been made and rendered that were made and rendered. We think that no material error was committed in overruling said motion. But we have already given this case more consideration than it is entitled to. No substantial error was committed by the court below, and hence its judgment must be affirmed.

All the Justices concurring.