THE HARTFORD FIRE INSURANCE COMPANY v. JOHN W. WARBRITTON.

No. 12,853.   (71 Pac. 278.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Amendment upon Appeal from Justice.*   Permission to amend an answer in an action appealed from a justice of the peace rests in the sound discretion of the judge of the district court.   There was no abuse of this discretion in refusing to grant such permission in a case where more than seven months had elapsed from the time of the appeal, and where

the application was not made until the case was called for trial, and no excuse for the delay shown.

2. INSURANCE POLICY—*Forfeiture*—*Fraudulent Delivery of Deed.* The delivery, procured by fraud, of a deed duly executed does not affect the title to real estate, and, hence, does not serve to create a forfeiture of a policy of insurance on such property by reason of a clause therein contained that the policy shall become void if the title to the insured property shall become other than the entire ownership.

3. ——— *Attorney's Fees*—*Case Followed.* The provision of section 3410 of the General Statutes of 1901, providing for the taxation as costs of a reasonable attorney's fee in actions against insurance companies on a policy of insurance, is valid. The case of *Assurance Co. v. Bradford*, 60 Kan. 82, 55 Pac. 335, followed.

Error from Anderson district court; C. A. SMART, judge. Opinion filed January 10, 1903. Affirmed.

*Kirk & Kirk, Fyke Bros.*, and *Snider & Richardson*, for plaintiff in error.

*Johnson & Johnson*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : Action was brought before a justice of the peace to recover for a loss occasioned by a fire under a policy of insurance issued by the plaintiff in error to the defendant in error. The answer in that court contained a general denial and a special defense that the property insured had been sold and conveyed in violation of one of the conditions of the policy. The clause of the policy containing that provision was as follows :

"If the interest of the assured be or become other than the entire, unconditional, unencumbered and sole ownership of the property ; or if a building insured be on ground not owned by the assured in fee simple ; or if this policy be assigned ; then and in every such case this policy shall be void, unless otherwise provided by agreement indorsed hereon."

The justice rendered judgment for the plaintiff, and the case was appealed by the insurance company.

When it was called for trial in the district court, the company asked permission to amend its answer by inserting therein the following allegation : "At the time the policy was issued, and at the time of the fire, the interest of the assured in the property was not the entire, unconditional and sole ownership of the property." This request was denied, and its denial is assigned as the first ground of error. The right to make this amendment at that time was within the discretion of the trial court, and unless it appear that such discretion was abused, its action cannot be deemed erroneous. In this case we find no such abuse. More than seven months had elapsed between the time the case was appealed and the time it was called for trial in the district court, and no showing was made to excuse this long delay in making application to amend.

Upon the trial an offer was made to show that at the time the insurance was effected the insured plaintiff was not the owner of the property, and, hence, that there was a breach of the condition of the policy rendering it void. This offer was refused. There was no error in this. Permission to amend having been refused, there was no allegation in the answer on which to base such proof. Proof must be confined to the issues. The claimed breach was one the company could waive, and it will be deemed to have waived it by not pleading it. . .

After plaintiff upon the trial had proved the fact of the loss, the company showed by the records found in the office of the register of deeds that, subsequently to the issuance of the policy, the title to the property had been transferred by a deed executed by the assured and

wife. Whereupon the insured was permitted to, and did, introduce a judgment of the district court in which it had been decreed that such deed had never taken effect for the reason that it had never been delivered to the grantee therein, but had been by him fraudulently procured from the possession of the party with whom it had been deposited in escrow. This deed, though appearing to have been formally executed and delivered, was shown by this proof never to have taken effect as a transfer of title, and hence there had thereby been no breach of the condition of the policy against alienation, which was the breach pleaded.

It is claimed that the court erred in rendering judgment against the company for an attorney's fee. It is freely admitted that upon this question this court has taken the contrary view in *Assurance Co. v. Bradford*, 60 Kan. 82, 55 Pac. 335. The correctness of that decision is called in question, but we find no reason to recede from the position there assumed.

We find no error in the judgment, hence affirm the same.

All the Justices concurring.