## ST. PAUL FIRE & MARINE INS. CO. v. GRIFFIN.

No. 1487.    Opinion Filed March 12, 1912.

Rehearing Denied June 18, 1912.

(124 Pac. 300.)

1.    **JUSTICES OF THE PEACE** — Procedure — Judgment — Appeal Bond.   Where the justice fails to render judgment on or before the fourth day after the close of the trial, contrary to Wilson's Rev. & Ann. St. 1903, sec. 5039, held error, but that the same could not affect the right of plaintiff to perfect his appeal therefrom by filing his appeal bond in the county court within ten days from the date of the judgment when rendered.

2.    **APPEAL AND ERROR**—Pleading—Amendment to Conform to Evidence.   Where, in a suit to recover for a partial loss on a hail insurance policy, plaintiff pleads performance of all conditions precedent to a recovery and defendant specifically denies the same, as provided by Comp. Laws 1909, sec. 5662, and where, on trial in the county court, without pleading the same, plaintiff, over objection, makes ineffectual effort to prove a waiver of one of said conditions, and where, pending proof of waiver, defendant introduces in evidence facts sufficient to constitute a waiver, held, that plaintiff's petition is amended so' as to conform to the facts thus proved, thus putting in issue a waiver based upon those facts, with sufficient evidence to send that issue to the jury.

3.    **INSURANCE**—Proofs of Loss—Waiver.   Where in attempting to comply with a clause in an insurance policy, in effect providing that the insured shall within 60 days after loss make proof of same to the insurance company, and that a failure so to do within that time shall cause a forfeiture of any claim under such policy, and where plaintiff, within that time, furnished defendant certain affidavits intended as such proof, but which was not a substantial compliance with the terms of the policy, but was fatally defective, held, that said stipulation is waived where defendant received and retained said proofs without specific objection to any defects therein.

(Syllabus by the Court.)

*Error from Grady County Court;*
*N. M. Williams, Judge.*

Action by Ed Griffin against the St. Paul Fire & Marine Insurance Company.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*Bond & Melton,* for plaintiff in error.

*F. E. Riddle,* for defendant in error.

TURNER, C. J.   On October 23, 1908, Ed Griffin, defendant in error, sued the St. Paul & Marine Insurance Company, plaintiff in error, before a justice of the peace at Chickasha, to recover for a partial loss sustained to a growing crop of cotton, on account of damage by hail, covered by an insurance policy issued to him by said company.   There was trial to the court, after which the justice entered the following judgment:

"On this the 29th day of December, 1908, the above-styled and entitled cause came on for hearing; plaintiff and defendant appearing in person and by attorneys and both announced ready for trial.   A jury being waived in this cause, same was submitted to the court, and the court after having heard the testimony introduced by the plaintiff and the defendant, and after having heard the arguments in said cause on said day, the same was by the court passed until the 30th day of December, 1908, for further argument.   Thereupon both plaintiff's and defendant's attorneys appeared and argued said cause, and the court, after having heard the argument of counsel, is of the opinion that the plaintiff should take nothing by this action, and that the defendant recover costs. Now, therefore, it is hereby by this court considered, ordered, adjudged, and decreed that the plaintiff, Ed Griffin, take nothing by this action, and that the defendant herein have his costs.   Witness my hand this the 5th day of January, 1909.

"T. P. MOORE, J. P."

After motion for a new trial filed and overruled, on January 11, 1909, plaintiff filed and there was approved an appeal bond, which on January 20, 1909, together with the other papers in the cause, was filed in the county court.   On April 29, 1909, defendant moved said court to dismiss said appeal for want of jurisdiction, which was overruled, and exceptions saved.   After answer filed there was trial to a jury and judgment for plaintiff for $62.50 and defendant brings the case here.

In support of the contention that the county court erred in refusing to dismiss plaintiff's appeal, it is urged that as said entry discloses that judgment was rendered on December 30th, and entered on January 5th, but that no appeal bond was filed until January 11th, the same was not filed within ten days, as re-

quired by Wilson's Rev. & Ann. St. 1903, sec. 5045, and hence said court acquired no jurisdiction of the cause. Not so. It cannot be said that said entry discloses that judgment was rendered on the date assumed. All that is thereby fairly disclosed is that on January 5th, reciting past events, said cause came on to be heard on December 29th, and was passed for further argument until the 30th, and that on said day, after the argument had closed, the justice took the case under advisement, and did not make up his mind until on January 5th, the date of the judgment entry, when he recites that he "is of the opinion that the plaintiff should take nothing, * * *" showing that judgment was not only entered, but rendered, on that date. Of course, to so withhold judgment was in violation of section 5039, Wilson's Rev. & Ann. St. 1903 (*Stewart v. Waite*, 19 Kan. 218), and error, but the same could not affect the right of plaintiff to file his appeal bond within ten days from the date of the judgment when rendered, which he did, pursuant to said statute (section 5045, Wilson's Rev. & Ann. St. 1903), thereby vesting the county court with jurisdiction of the cause.

At the close of plaintiff's testimony, defendant demurred to the evidence, which was overruled, and no further testimony introduced. This action of the court is assigned for error. In his bill of particulars plaintiff alleged, among other things, that he had performed all the conditions precedent in the policy necessary to a recovery. For answer defendant made general denial, and specifically denied that plaintiff had complied with those conditions. Assuming the burden of proof of loss within 60 days plaintiff, in making out a *prima facie* case, which he did, proved that his loss occurred on July 13, 1908, and that on August 1st and 15th he had furnished defendant with certain affidavits intended as such proof of loss. Concerning this attempt it is sufficient to say that it discloses an honest, humble but ineffectual effort to comply, but not a substantial compliance with the terms of the policy, and for reasons not necessary to state was fatally defective. Of similar stipulations in *St. Paul Fire & Marine Ins. Co. v. Mittendorf et al.*, 24 Okla. 651, 104 Pac. 354, 28 L. R. A. (N.

S.) 651, quoting approvingly from *N. W. Ins. Co. v. Atkins,* 66 Ky. 328, 96 Am. Dec. 239, we said:

"The stipulation referred to, providing for the production of preliminary evidence of loss as a condition precedent to the payment of such loss by the insurer, is not unusual in insurance policies; and it may be regarded as authoritatively settled that a substantial compliance with such a condition must be made by the claimant before a right of action will accrue to him for losses, unless the right to insist on such preliminary condition be waived. Angell on Fire Ins. secs. 223-248; Phillips on Insurance, p. 497; *Columbian Ins. Co. of Alexander v. Lawrence,* 10 Pet. 509, 9 L. Ed. 512; *Smith, etc., v. Haverhill Mutual Fire Ins. Co.,* 1 Allen (Mass.) 297, 79 Am. Dec. 733"

—citing *Home Ins. Co. v. Cohen,* 61 Va. 312; *Rochester Loan & Banking Co. et al. v. Liberty, etc., Ins. Co.,* 44 Neb. 537, 62 N. W. 877, 48 Am. St. Rep. 745; *Edward F. Boyle et al. v. Hamburg, etc., Ins. Co.,* 169 Pa. 349, 32 Atl. 553; *Georgia Home Ins. Co. v. Goode & Co.,* 95 Va. 751, 30 S. E. 366; *Swoffard Bros. Dry Goods Co. v. Amer. Cent. Ins. Co.,* 76 Mo. App. 27; *Bartlett v. Union M. F. Ins. Co.,* 46 Me. 500; *Norton et al. v. Rensellaer, etc., Ins. Co.,* 7 Cow. (N. Y.) 645; *Mary E. Erwin v. Springfield, etc., Ins. Co.,* 24 Mo. App. 145.

At this point, not having pleaded a waiver, had plaintiff rested, he could not recover; but he went further, and in attempting to show waiver, over objection, introduced certain testimony wholly insufficient for that purpose. On cross-examination of plaintiff, however, defendant drew out of him a letter and introduced it in evidence, and proved the same to have been received in answer to his attempt to furnish such proof. It reads:

"August 18th, 1908. Ed Griffin, Fletcher, Oklahoma—Dear Sir: We are in receipt of your letter of recent date enclosing affidavit. This affidavit is insufficient as a proof of loss, if you so intend it, and we therefore hold the same subject to your further orders. Yours very truly, Van Arsdale & Osborne."

And later, while plaintiff was still attempting to prove a waiver, in that defendant had theretofore sent an adjuster to adjust the loss in question, insisted that plaintiff introduce and read in evidence, which he did, a letter referring to a loss which occurred in the same field at the same time, and which, at the same

time, had been viewed for settlement by the adjuster of the company. Said letter reads:

"Wichita, Kansas. July 31, 1908. Mr. Joel Coffey, Fletcher, Oklahoma—Dear Sir: Our Mr. Van Arsdale called at your place on the 29th inst., when you were away from home, for the purpose of adjusting your hail loss. After a careful examination, he allowed you a claim of 10 per cent., or $45.00. Mr. Van Arsdale writes that he allowed your neighbor, Mr. Maveney, 15 per cent. but that there was considerable difference in the damage done. We inclose herewith proof of loss, which you will please sign on the inside on the line marked, 'claimant,' also draft, which please endorse on the back. Kindly return these to us promptly, and we will send you your cancelled note of $31.50 and our check for the difference, in full settlement of this loss. Trusting this will be satisfactory, we are, Very truly yours, Van Arsdale & Osborne Bkgs. Co. W. C. Van Arsdale, Pres."

Having been introduced in evidence, without objection, said letter of August 18, 1908, alone, in that it established that defendant had received proof of loss without indicating any defect therein, was proof of waiver of all objections thereto, and plaintiff's petition was properly considered amended so as to conform to the facts thus proved (*Kaufman v. Boismier*, 25 Okla. 252, 105 Pac. 326; *Hartford, etc., Ins. Co. v. Warbritton*, 66 Kan. 93, 71 Pac. 278), thus putting in issue a waiver based upon those facts, with sufficient evidence to take that issue to the jury. That receiving and retaining proof of loss without specific objection thereto is a waiver of any objection to such proof is too well settled to merit citation. 19 Cyc. 863, is to the effect that, if the company intends to insist on defects, it should point out what defects it intends to rely upon in order that they may be obviated, and that a mere indefinite objection, as indicated by said letter, is not sufficient, citing abundant authority. 4 Cooley's Brief on the Law of Ins. 3549. *Wilson v. Northwestern Mutual Association*, 53 Minn. 470, 55 N. W. 626, was a suit by plaintiff's administrator on an accident policy. After the death of insured and before the appointment of said administrator, proof of loss was made by one Jones on a blank form of claim received from defendant. After furnishing same to defendant, no further proof was demanded. Defendant pleaded in defense insufficiency of the proof

of loss. On appeal the Supreme Court held that defendant could not be allowed to defeat a recovery on the ground that it was incumbent on plaintiff himself to furnish such proof. The court said:

"It is analogous to the reception and retention of defective proof of a claim. In such cases good faith would require that the association give notice indicating the defect; and the failure to object to defective proofs, or a refusal to pay on other grounds, is regarded as an acceptance of the defective proofs, and a waiver of defects. *American Life Ins. Co. v. Mahone,* 56 Miss. 180; *Miller v. Eagle Life & Health Ins. Co.,* 2 E. D. Smith (N. Y.) 268; *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474, 10 N. E. 242, 59 Am. Rep. 810."

There is no merit in the contention that a waiver was impossible under the terms of this policy, which provides:

"No denial of liability or other act on the part of the company shall be deemed to waive or dispense with the furnishing of such proof"

—for the reason that in *St. Paul, etc., Co. v. Mountain Park Stock Farm Co.,* 23 Okla. 79, 99 Pac. 647, we passed on this provision, and held adversely to defendant's contention, and we adhere to that opinion.

In further support of the contention that the court erred in overruling defendant's demurrer to the evidence, it is next urged, in effect, that the policy is void for the reason that the evidence is clear that plaintiff was not the sole owner of the property when it was insured or at the time of the loss as he had represented himself to be in his statement to defendant upon which the policy issued. To avoid liability the terms of the policy are invoked which read:

"That this policy is issued on the statements made in the application for insurance made by the assured and that in case any of the statements therein made are untrue, this policy shall be null and void. * * * That every policy issued upon application of any party not legally authorized to effect insurance of the property therein insured, or of any party who has not an insurable interest in said property, as stated in his application, to the full amount insured, shall be void and of no effect."

There seems to be no merit in this contention, for the reason that the application containing the statement referred to is not in

evidence, nor anything that tends to prove that plaintiff ever stated to defendant that he was the sole owner of the cotton and, if he had, we are not prepared to say such statement would have been false for the reason that the policy was issued on May 3d, at which time the property insured was a crop growing on land owned by another for which plaintiff was to pay in rent one-fourth of the cotton when gathered. Besides, the policy being written, "On interest in 25 acres of cotton" on certain land, showed clearly that defendant was fully apprised of the facts. For the reason that the court on the probative force of the letter of August 18th, *supra,* would have done right to instruct peremptorily for the plaintiff on the question of waiver, the error, if any, in the instruction under the fifth assignment, submitting the question to the jury on other grounds, is harmless.

· As the other instruction under this same assignment correctly states the law as held, *supra,* and there is no merit in the instruction complained of under the fourth assignment, the judgment of the trial court is affirmed.

All the Justices concur.