R. B. WARD, *Appellee,* v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

No. 17,749.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Shipment of Live Stock—Yards—Contract.* On a shipment of live stock a railroad company can not contract to avoid liability for its negligent failure to provide suitable yards, feed and water at such times and places as the law requires the unloading, feeding and watering of such stock.

2. PLEADINGS—*Amendment—Judicial Discretion.* Where a bill of particulars is filed in justice's court claiming damages against a railroad company for the alleged negligence of the company in failing to furnish suitable yards, feed and water at a station where the live stock is unloaded for the purpose of being fed and watered, and the company files only a general denial thereto, and where on appeal to the district court the company asks leave to amend its answer by attaching a written contract of shipment, made at the inception of the shipment, without any allegation of a breach of the contract on the part of the shipper; held, no error is committed in refusing such request to amend when, as in this case, the

shipper assumes the burden of proving that he had given notice of his claim as required by the contract; this being the only condition precedent to his right of action.

Appeal from Republic district court. Opinion filed October 12, 1912. Affirmed.

*M. A. Low,* and *Paul E. Walker,* both of Topeka, for the appellant.

*Nelson J. Ward,* of Belleville, for the appellee; *Park B. Pulsifer,* of Concordia, of counsel.

The opinion of the court was delivered by

SMITH, J.: The appellee brought this action in the justice court March 8, 1911, and claimed damages in the sum of $290 for the alleged negligence of appellant causing injury to four carloads of sheep shipped over appellant's railroad from New Mexico to Belleville, Kansas. A general denial was filed to the bill of particulars and the case was tried to a jury in the justice court March 30, 1911, resulting in a verdict and judgment in favor of the appellee for $290. The appellant immediately appealed to the district court of Republic county, and upon the calling of the case for trial in that court, May 10, 1911, asked leave to amend its answer by setting up a shipping contract. It also filed an affidavit of its attorney that he had been unable to get possession of the contract because the appellant had it on file in its office in Chicago. The application to amend was refused. Verdict and judgment were rendered in favor of the appellee for $212.

The first assignment of error is that the court erred in refusing to permit the amendment of the answer, alleging that the sheep were shipped under a written contract. Whether a pleading on appeal from a justice court should be allowed to be amended upon the trial in the district court rests largely in the discretion of the court. (*Stanley v. Farmers' Bank,* 17 Kan. 592; *Robbins v. Sackett,* 23 Kan. 301-304; *Insurance Co. v.*

*Warbritton,* 66 Kan. 93, 71 Pac. 278.) The only show-
ing was that this contract had been in the possession
of the appellant more than two months after the com-
mencement of the action in the justice court. Notice
of the application to amend the answer, with a copy
of the proposed amendment, could have been served
upon the appellee's attorney at any time after the
appeal was taken to the district court. No notice seems
to have been given until the application was made at
the trial. The appellant in its proposed amendment
asserted no breach of the shipping contract on the part
of the appellee. It devolved upon the carrier to allege
the special provision of the contract or the breach
thereof by the shipper or fault on his part which ex-
empted it from the loss or imposed it upon the shipper,
if loss occurred.

The stock was in the custody and possession of the
railroad company from the time it was received until
delivered at its destination. (*Mo. Pac. Rly. Co. v. Gro-
cery Co.,* 55 Kan. 525, 40 Pac. 899; *L. L. & G. Rld. Co.
v. Maris,* 16 Kan. 333; *A. T. & S. F. Rld. Co. v. Ditmars,*
3 Kan. App. 459, 43 Pac. 833.) A railroad company
may not by contract absolve itself from damages caused
by its negligence in shipping. (*K. C. St. J. & C. B.
Rld. Co. v. Simpson,* 30 Kan. 645, 2 Pac. 821.) It is
the duty of a railway company carrying live stock to
provide necessary yards and facilities for the care of
stock shipped over its line, in which stock may be un-
loaded for rest, feed and water. Also, the duty of
feeding and watering the stock devolves upon the com-
pany. (*Railway Co. v. Allen,* 75 Kan. 190, 88 Pac.
966.) Indeed, the only point urged of prejudice to the
appellant by the failure to allow the amendment is that
the contract required as a condition precedent to the
recovery of damages, a written notice to the railroad
company of the claim within ninety days after the loss
or injury claimed. This question was tried out in court.
The appellee introduced evidence tending to show that

Ward v. Railway Co.

almost immediately after the unloading of the sheep he made oral complaint to the appellant's station agent at Belleville of the manner in which the sheep had been yarded, fed and watered at Pratt, Kan., the only point at which they were unloaded en route. Also, that he had written said agent a letter within ten days after the arrival of the sheep in Belleville, specifying more particularly his claim for damages and making a total claim of $212 damages, being the identical amount recovered by him in the district court. We can not see that the appellant was prejudiced by the refusal of the application to amend or that the allowance of the amendment would have been in furtherance of justice.

On the trial in the district court the appellee produced evidence upon each item of his claim of damages and of his notice to appellant thereof. At the close of appellee's evidence the appellant demurred thereto, which demurrer was overruled. The appellant thereupon rested the case without introducing any evidence. We think the evidence was sufficient to sustain the verdict and judgment.

Objection is also made to several instructions given to the jury, and it is asserted that there was a conflict in the evidence as to whether the sheep were properly watered and fed at Pratt, Kan. The appellant has furnished no abstract of the evidence to justify this assertion.

We have examined all objections to the instructions and find no error therein.

The judgment is affirmed.