## SPAULDING AND CHLOE D. SPOONER v. VERMONT MU-TUAL FIRE INSURANCE COMPANY.

*Insurance. Waiver. Statement of Loss must be Sworn to by Owner of Property. Married Woman.*

1. The statement of the property destroyed must be sworn to by the owner, if so required by the by-laws of the company.
2. When a married woman is the owner of the property insured, it is not sufficient that the statement is sworn to by her husband.
3. The insurance company did not waive the defects in the statement by proceeding to a determination of the plaintiff's claim, it not appearing on what ground the claim was rejected *

ASSUMPSIT upon a policy of insurance with general counts. Trial by jury, April Term, 1879. Lamoille County, POWERS, J., presiding.

The facts in the case are substantially as follows : The defendant insured a dwelling-house to the amount of $650 ; a barn and shed for $200 ; and produce and some other buildings for several hundred dollars more. The policy was issued to Spaulding and Chloe D. Spooner, who was the wife of said Spaulding ; and said Chloe was the sole owner of the property insured. The plaintiffs averred that on the 24th day of September, A. D. 1873, a part of said property was destroyed by fire, and that notice thereof was duly given to the company. The writ was dated the 14th day of November, 1874, and was made returnable to the December Term of the Lamoille County Court. The defendant pleaded, first, the general issue ; second, fraudulent overvaluation ; third, that the plaintiffs did not make out and deliver a detailed statement, as required by the by-laws and act of incorporation of the defendant ; fourth, that the statement, when made and delivered, Nov. 1, 1874, was false ; and fifth, that the claim was rejected by the directors of said company on the 3d day of December, 1873, of which the plaintiffs had immediate notice, and that said suit was

---

* But when it did appear for what reason the company rejected the claim, and *that not for defects in the notice or statement of loss,* see 25 Wend. 379; also *Graves* v. *Wash. Ins. Co.,* 12 Allen, 391.—REP.

not brought till November 14, 1874. These pleas were all traversed. The by-laws and act of incorporation of the company were a part of the policy. The following is an extract from the by-laws of said company :

All persons insured by this Company and sustaining loss or damage by fire, are forthwith to give notice thereof to the Company, and within thirty days after said loss to deliver in a particular account in detail of such loss or damage, signed with their own hands, and verified by their oath or affirmation. . . . They shall also declare on oath whether . . . they were the owners of the property at the time of the loss. If there be any fraud or false swearing, the claimant shall forfeit all claim by virtue of this policy.

The following is section 7 of the act of incorporation :

SEC. 7. *It is hereby further enacted,* That in case of any loss or damage by fire happening to any member, upon property insured in and with said company, the said member shall give notice thereof, in writing, to the directors, or some one of them, or to the secretary of said company, within thirty days from the time such loss or damage may have happened; and the directors, upon a view of the same, or in such other way as they may deem proper, shall ascertain and determine the amount of said loss or damage; and if the party suffering is not satisfied with the determination of the directors, the question may be submitted to referees, or the said party may bring an action against said company for loss or damage, at the next court to be holden in and for the county of Washington, or in the county in which said party may reside, or in which said loss or damage by fire may have happened, and not afterwards, unless said court shall be holden within sixty days after said determination, but if holden within that time, then at the next court holden in said county thereafter; and if, upon trial of said action, a greater sum shall be recovered than the amount determined upon by the directors, the party suffering shall have judgment therefor against said company, with interest thereon from the time said loss or damage happened, and costs of suit; but if no more shall be recovered than the amount aforesaid, the said party shall become nonsuit, and the said company shall recover their costs. *Provided, however,* that the judgment last mentioned shall in no wise affect the claim of said suffering party to the amount of loss or damage, as determined by the directors aforesaid: *And provided also,* that execution shall not issue on any judgment against said company until after the expiration of three months from the rendition thereof.

The plaintiffs also introduced evidence tending to prove, that within thirty days after said 24th day of September, 1873, they

prepared a detailed statement of their loss, and deposited the same in the post-office in Waterville, Vt., duly directed to defendant company; that said statement was sworn to by Spaulding Spooner, but not by Chloe D. Spooner, the wife, and was signed by both husband and wife. It appeared on trial that both barns and all the contents were burned.

The detailed statement, which the plaintiffs' evidence tended to show was mailed to defendant company, was in the words and figures following:

OCTOBER 5, 1873.

This is to notify the Vermont Mutual Fire Insurance Company the loss of two barns insured, $450, produce, $422.85,—12 tons hay at $14 per ton, oats in straw 70 bushels, price 75 cents, straw 20 dollars, India wheat 75 bushels, 75 cts. per bushel, 8 tons of hay at 12 dollars per ton, 2 tons and 13 hundred at 14 dollars per ton, two tons of old hay at 8 dollars.

The defendant introduced evidence tending to show that the said notice was never received by said company, and that said company never received any detailed statement until it received one dated November 1, 1874.

It further appeared that at some time prior to the April Term of said court, Chloe D. Spooner had deceased, and that one L. H. Hurlberd had been appointed her administrator. The death of the wife and the appointment of her administrator were well known to the plaintiff, Spaulding Spooner, long before the April Term, but no suggestion of the death of the wife was made on the record until after verdict and judgment thereon; and her administrator has never entered to prosecute said suit.

The defendant's evidence tended to show that the directors of the company, Dec. 3d, 1873, at a regular meeting, voted to disallow plaintiffs' claim and immediately notified them thereof. But plaintiffs' evidence tended to show that they never received such notice. It did not appear for what reason the claim of plaintiffs was disallowed.

The defendant requested the court to charge:

1. That the foregoing detailed statement would not be such a compliance with the said by-laws, as to notice, as would entitle

the plaintiffs to recover even if it had been received within the thirty days.

2. That if the jury find that the directors of the company, on the 3d day of December, 1873, at a regular meeting of said directors, disallowed plaintiffs' claim, then the cause of action was barred by sec. 7 of act of incorporation, whether plaintiffs received notice of such determination or not.

The court declined to charge as requested, but did charge as follows :

That said detailed statement was a substantial compliance with said by-law ; but that if there was any defect in said statement, the defendant, by proceeding to a determination of plaintiffs' claim, waived any and all defects in said statement, and that if the defendant company proceeded to reject said claim upon any other ground than that no detailed statement had been received, this would be a waiver of all right to resist the plaintiffs' claim on the ground that no such statement had been received, or that only a fatally defective statement had been received.

To the charge as given, and to the refusal to charge as requested, the defendant excepted.  Verdict for plaintiffs.

After verdict, but before judgment, the defendant moved that the judgment be arrested, because the wife was the sole owner of the property ; she being deceased, an administrator of her estate appointed, and he had not entered to prosecute.

*L. E. Pelton* and *H. S. Royce*, for plaintiffs.

Upon a promise to husband and wife, the husband may sue alone, and therefore he can maintain the action after the death of the wife.  *Gay et ux.* v. *Rogers' Estate*, 18 Vt. 345 ; *Driggs, Admr.* v. *Abbott*, 27 Vt. 582 ; *Richardson* v. *Daggett*, 4 Vt. 344 ; 9 B. Monroe, 614 ; *Titus* v. *Ash*, 24 N. H. 328 ; *Wood* v. *Griffin*, 46 N. H. 230–7 ; *Little* v. *Downing*, 37 N. H. 355.   Upon the death of the wife the husband may prosecute the suit.   Gen. Sts. 392, s. 19 ; 10 Gray, 361 ; 16 Pick. 240 ; 18 Pick. 110.

This is unlike a case where husband and wife join, as they must in an action for a bodily injury to the wife.   Such a cause of action did not survive at common law, either to the husband or the wife's administrator ; but by statute the administrator of the

wife may prosecute the suit. In such a case the husband could not sue alone ; but in an action by husband and wife upon a promise to both of them, they are " several plaintiffs," in a joint action, within the meaning of the statute, and it will hardly be insisted that the mere omission to suggest the death of the wife upon the record is sufficient ground for the motion.

In the next place we insist that if it was necessary to make the wife's administrator a party, it was allowable by way of amendment. *Mattocks* v. *Stearns,* 9 Vt. 326 ; *Kimball* v. *Ladd,* 42 Vt. 760 ; *Betts* v. *Hoyt,* 13 Conn. 468.

In *Montgomery* v. *Maynard et al.,* the declaration was amended on trial, and it was held that the amendments were properly allowed. Amendments may be allowed after verdict, and without setting aside the verdict, if the matter of the amendment could in no way have affected the question submitted to the jury. *Whittier* v. *Varney,* 10 N. H. 304.

Judgments can be arrested only for causes apparent upon the record. *Bedell* v. *Stevens,* 28 N. H. 122 ; *Walker* v. *Sargent,* 11 Vt. 329; *Fuller* v. *Chamberlain and others,* 11 Met. 504.

*P. K. Gleed,* for defendant.

1. If plaintiff has not complied with the by-laws he cannot recover. *Blakely* v. *Phœnix Ins. Co.,* 20 Wis. 205 ; *Wilson* v. *Ætna,* 27 Vt. 99.

2. The statement was defective, in that it was only sworn to by the husband, and did not show the owner. *Welcome* v. *Peoples,* 2 Gray, 480–4 ; *Shawmut & Co.* v. *Peoples,* 12 Gray, 265.

3. There was error in the charge as to waiving the preliminary proofs. 2 Pet. 26.

4. Motion in arrest ought not to have been overruled. *Earl & Wife* v. *Tupper,* 45 Vt. 275 ; *Roberts* v. *Kelley,* 51 Vt. 97. Administrator of wife entitled to the damages. *Perry* v. *Wheelock,* 49 Vt. 63.

The opinion of the court was delivered by

BARRETT, J. The by-law requires a statement of the loss, that is, of the property destroyed or damaged, to be signed by the

owner, and verified by the oath of the owner, with the additional oath, that the party making such statement was, at the time of the loss, the owner of said property. It turns out that of the property lost, Chloe, the wife, was the sole owner. The state-ment was not sworn to by her. It does not appear that any oath was made by either, as to the ownership of the property. The property was insured as being in the joint ownership of C. D. and S. Spooner, with no intimation in the policy that they were wife and husband, and no intimation that she was sole owner. In fact, so far as indicated by the face of the policy, the ownership was that of partners, or joint tenants, or tenants in common. The declaration alleges that all of said buildings and property were owned by the plaintiffs in fee. The directors at a regular meet-ing disallowed the plaintiffs' claim. This suit was commenced more than eleven months afterward. It did not appear for what reason the claim was disallowed. It may have been for misrep-resentation as to the ownership, or for overvaluation, or for not having received any notice as required, or for failure to give the statement verified by oath, as required in the by-laws, or for any of the other reasons, that would render the claim invalid. This analysis and statement have been made with the view of testing the questions made as to the charge. The court told the jury ex-plicitly that that statement was a substantial compliance with the by-law. This we think erroneous. The failure of the owner of the property to make oath to the statement rendered the statement defective in a material respect. It may be true that such defect might be waived by the company; but there was no evidence in the case tending to show that the company did waive it. It is not true as matter of law that by proceeding to a determination of plaintiffs' claim, the defendant waived any and all defects in said statement. This is obvious when it is considered that the deter-mination against the claim may have been on the ground and rea-son of defects in the statement, just such as existed in this case. The next clause of the charge involves error by putting to the jury a hypothesis that there was no evidence to show existed in fact, namely, that defendant rejected the claim on any other ground than that no detailed statement had been received, or that
11

only a fatally defective one had been received. As before suggested, the claim may have been rejected, so far as the evidence shows, for the reason that no detailed statement, or only a fatally defective one, had been received, as well as upon any other grounds, or for any other reasons. Without going into other points.                    Reversed and remanded.