SOLOMON GUERIN and another *vs.* ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY.

July 1, 1890.

**Pleading—Amendment after Verdict—Abuse of Discretion.—** On the
trial of this action before a jury, defendant objected to the introduction
of certain testimony offered by plaintiffs, which was manifestly inad-
missible under the pleadings. The objection was overruled, and the testi-
mony, without which the plaintiffs could not recover, received, defend-
ant duly excepting. After a verdict in plaintiffs' favor, the court per-
mitted an amendment to the complaint, under which this testimony would
have been admissible, had the amendatory allegation appeared originally.
*Held*, that this was a clear abuse of the discretion of the court in allow-
ing amendments to pleadings.

Appeal by defendant from a judgment (of $399.75) of the munici-
pal court of St. Paul.

*Lusk & Bunn*, for appellant.

*Willrich & Lambert*, for respondents.

COLLINS, J.    Action upon an insurance policy, to recover the value
of certain merchandise destroyed by fire. The complaint set forth
the policy *in hæc verba*, and, among other provisions contained in it,
was one declaring that, should other insurance be placed on the prop-
erty without the consent of defendant company written on the policy
itself, the policy should be void. It was further alleged in the com-
plaint that other insurance was effected, but there was no averment
that defendant consented thereto, or had notice or knowledge of the
same. It therefore failed to state a cause of action. The answer
alleged the existence of other insurance on the property previously

obtained by plaintiffs, of which defendant had no notice until after the fire, and therefore that its policy was void. No reply was interposed to this answer, so that upon this issue a bare question of law only was presented by the pleadings. A jury trial was had, at which the plaintiffs attempted to prove that defendant's soliciting agent was informed and had knowledge of the previous policy when the one in suit was applied for, and when it was delivered to plaintiffs. To the introduction of this testimony the defendant seasonably objected, on the ground of its incompetency, irrelevancy, and inadmissibility under the pleadings. The objection was overruled, the testimony was received, defendant duly excepting, and thereafter, without avail, moving to strike it out. The court submitted the case to the jury under instructions which required the jury to find that defendant had knowledge, through its agent, of the prior insurance when its policy was issued, in order to return a verdict in plaintiffs' favor. The jury found for plaintiffs in the sum demanded in their complaint on July 10, 1889. On September 3d, plaintiffs gave notice of a motion to amend their complaint by inserting therein an allegation in respect to notice to defendant, and its knowledge of a previously issued policy of insurance on the same property. Thereafter, December 9th, defendant objecting, an order was made by the court allowing the amendment; whereupon judgment was entered in plaintiffs' favor for the amount of the verdict, interest, costs, and disbursements.

1. There was manifest error in the ruling upon the trial by which plaintiffs were allowed to introduce testimony tending to show defendant's knowledge of other insurance when soliciting and delivering the policy now involved. Not only had a material allegation of fact been omitted from plaintiffs' complaint, but in words it expresssly negatived a right to recover. The objection should have been sustained, and this seems to have been admitted by counsel and court when, after the verdict, the former moved for and the latter granted an amendment to the pleading.

2. The court also erred in permitting the amendment. The defendant properly and seasonably objected to the reception of testimony, inadmissible under the pleadings, but which, as the court charged the jury, was essential to a recovery by the plaintiffs, and

was thereafter entitled to the benefit of its objection and exception. It is true that under the statute (Gen. St. 1878, c. 66, § 124) much discretion is properly given to the trial court in the way of amendments, before and after judgment, in furtherance of justice. But in this instance the manifest purpose and the inevitable effect of the amendment was to deprive the defendant of a legal right it had secured during the trial, by means of its exception to the ruling. This was a clear abuse of discretion upon the part of the court. The plaintiffs should have applied for the amendment when, through the objection made on the trial, its necessity became strikingly apparent.

Judgment reversed.