SIMON PALTROVITCH, Respondent, *v.* THE PHŒNIX INSURANCE COMPANY of Hartford, Conn., Appellant.

The stipulations of a fire insurance policy which relate to the procedure merely in case of loss are to be reasonably, not rigidly, construed.

A policy of fire insurance contained a provision that in case of loss a certificate made by a magistrate or notary "living nearest the place of the fire" shall be furnished by the insured if required. A loss having occurred, the insured furnished, with the proofs of loss, a certificate of a notary, substantially in the form prescribed. The proofs of loss were kept by the company for twenty-three days and were then returned with a notice that the company required a certificate from the notary "living nearest the place of the fire," and that the one sent would not be accepted as a compliance with that requirement. No name of any notary living nearer than the one who made the certificate was given and no statement that there was any. In an action upon the policy, it appeared that there were three notaries who lived nearer, but each of them had his office and transacted his official business at a much greater distance. Where they boarded and slept they had no signs, and there was nothing to indicate their presence. Plaintiff was unaware of their proximity, and took the nearest notary he could find whose office and notarial sign and residence were at the same place. *Held,* that the phrase quoted should not be confined entirely to the place where the notary slept and ate, but should take account of the place where he

lived officially and to which by some public sign he invites those who do business with him; and that in any event, good faith required of the defendant in raising the objection to give the name and address of a notary living nearer, and not having done so, the jury were justified in concluding that it did not in reality require the certificate for any practical or beneficial purpose, but had waived it as an essential condition. Reported below, 68 Hun, 304.

(Argued June 7, 1894; decided June 19, 1894.).

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 28, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This was an action upon two policies of insurance issued by defendant upon a stock of goods, household goods and furniture belonging to plaintiff.

The facts, so far as material, are stated in the opinion.

*C. M. Bushnell* for appellant. The insertion in the policy of the clause providing for the certificate of the magistrate or notary was made compulsory upon the defendant by chapter 486, Laws of 1886, and, therefore, cannot be considered harsh or unconscionable. (*Quinlan* v. *P. W. Ins. Co.*, 135 N. Y. 356–365.) The failure of the plaintiff to procure the certificate of the magistrate or notary living nearest the place of the fire, after being duly required so to do by defendant, prevents a recovery upon the policies. (*O'Niel* v. *B. F. Ins. Co.*, 3 N. Y. 122–128; *Lane* v. *S. P. F. & M. Ins. Co.*, 50 Minn. 227; *Jones* v. *H. Ins. Co.*, 117 N. Y. 103.) It cannot be claimed that the defendant waived its right to require the production of the certificate required by the terms of the policy, by retaining the certificate attached to the statements of loss for twenty-three days, for the reason that the certificate which the assured is required to furnish only if required, and the statement of loss which he is required to render if fire occur, are clearly separate and distinct instruments. (*Lane* v. *S. P. F. & M. Ins. Co.*, 50 Minn. 227; *Daniels* v. *E. Ins. Co.*, 50 Conn. 551; *Brown* v. *H. F. H. Ins. Co.*, 52 Hun, 260–266; 132 N. Y. 539.) Neither can it be claimed that the examination

of the assured under the policies constituted a waiver of defendant's right to insist upon the certificate. (*Conway* v. *P. L. M. Ins. Co.*, 140 N. Y. 79; *Weed* v. *L. & L. F. Ins. Co.*, 116 id. 106.)

*Moses Shire* and *Edward L. Jellinek* for respondent. The failure of the plaintiff to furnish an additional certificate of a. notary was not fatal to a recovery. (*McNally* v. *P. Ins. Co.*, 137 N. Y. 398; May on Ins. [3d ed.] 217; *Hinman* v. *H. F. Ins. Co.*, 36 Wis. 156; *McLaughlin* v. *W. C. M. Ins. Co.*, 23 Wend. 525; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *Kratzenstein* v. *W. A. Co.*, 116 id. 54; *Hoffman* v. *A. Ins. Co.*, 32 id. 405; *Turley* v. *N. A. F. Ins. Co.*, 25 Wend. 374.) The defendant's retention of the proofs of loss and certificate of notary for twenty-three days waived their right to further or more perfect proofs or certificate. (*Keaney* v. *H. Ins. Co.*, 71 N. Y. 396; *Jones* v. *H. Ins. Co.*, 117 id. 103.) The examination of the plaintiff after the receipt of the proofs of loss was a recognition of the validity of the policies, and the defendant thereby waived even a previous. right to insist upon a forfeiture thereof. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 418, 419; *Carpenter* v. *G. A. Ins. Co.*, 47 N. Y. S. R. 865.)

FINCH, J. The loss by fire which the plaintiff seeks to recover occurred in the city of Buffalo on the eleventh day of May, 1891. The insured made out and forwarded his proofs of loss, which reached the defendant company on the 15th of the following June. Accompanying such proofs of loss was. a certificate in the substantial form required by the policy, which was signed by A. J. Roehner, a notary public. The policy provides that such a certificate made by the magistrate or notary " living nearest the place of the fire " shall be furnished by the insured if required. No such requirement had been made when the proofs of loss were sent, but the certificate was furnished voluntarily and in advance to meet the emergency of a possible demand for it. The proofs of loss were kept until the 8th day of July by the company and then

returned to the insured with a notice that the company required a certificate from the notary "living nearest the place of the fire," and that the certificate furnished would not be accepted as a compliance with the policy. There was no statement that other notaries were found to be living nearer the place of the fire, and stating their names and residences, as good faith and a moderately fair treatment of the insured required, but he was left to carry on his own investigations about notaries in his own way and at his own risk. It turned out that three other notaries lived nearer the place of the fire in one sense of the phrase. This company, in its anxiety for its precise and rigid rights, hired a city engineer to measure the distances with a tape, and both by way of the streets and in an air line over the tops of the houses, and so was able to prove that there were three notaries who boarded and slept a few hundred feet nearer the place of the fire than the one whom the insured supposed to be the nearest. But these later-discovered notaries had their offices and transacted their official business at much greater distances away, and there had their signs and expected their customers. Where they boarded and slept they had no signs, and there was nothing to indicate their presence and existence; and the plaintiff, unaware of their proximity, and not suspecting the sort of investigation to which he was to be invited, took the nearest one he could find whose office and notarial sign and residence were at the same place. It is upon this narrow and technical ground, with no pretense of substantial justice in it, that the action of the insured is now defended.

We have recently held, and I think very properly, that the stipulations of a policy which relate to the procedure merely, after the occurrence of a loss, are to be reasonably and not rigidly construed (*McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 398), and I think that the phrase "living nearest the place of the fire" ought not to be confined entirely to the food and sleep of the notary and should take account of the place where he lives officially and to which by some public sign he invites those who do business with him (*Turley* v. *N. Am.*

*Fire Ins. Co.*, 25 Wend. 374); but at all events good faith on the part of the company requires that when they reject one certificate on the ground that there is a nearer notary whose certificate they require, they should give the name and address of that nearer notary to enable the insured to comply with their demand, and that if they do not do so a jury will be justified in concluding that they do not in reality require the further certificate for any practical or beneficial purpose, but have waived it as an essential condition. For they either want another notary's certificate or they do not. If they desire it they will name him so that the insured may comply. Otherwise, it is clear that they do not want the further certificate, and will be disappointed if they get it, and make the demand solely and only to secure a technical defense. When to that is added the fact that the company kept the certificate sent for twenty-three days without objection, I think the jury were justified in saying that the demand of a further certificate was not made in good faith and a different performance of the condition was waived.

A suggestion was made to induce a favorable view of the technical point raised. It is said that the evidence justified a suspicion of fraud. None was alleged except a very exaggerated estimate of the loss and that the jury corrected by their verdict. It is always easy to say that the company suspects as a reason for a purely technical defense. All parties should have their rights in this court fairly and fully, but a severely formal defense resting wholly upon immaterial matters of procedure ought not to be allowed to work injustice.

While we feel bound to enforce these contracts fully and fairly according to their terms, yet where those terms respect the modes of proof and procedure after the loss, we shall give them always a reasonable and liberal construction and not a severe and technical one. In this case we approve of the conclusions reached by the courts below.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.