ST. PAUL FIRE & MARINE INS. CO. v. MITTENDORF *et al.*

No. 204.   Opinion Filed September 14, 1909.

(104 Pac. 354.)

1.    INSURANCE—Actions on Policies—Conditions Precedent. In an action on an insurance policy, the planaiff must allege and prove a compliance with the conditions precedent in the policy, on a waiver thereof.

2.    INSURANCE—Hail Policy—Proof of Loss—Sufficiency. In an action on an insurance policy, a substantial compliance with the requirement of proof of loss is sufficient.

3.    INSURANCE—Hail Policy—Proof of Loss—Oath of Insured—Necessity. Where, in an action on an insurance policy, requiring "the insured shall within 60 days after the loss make proof thereof under oath," the evidence disclosed that in due time the insured made such proof, but the same was not sworn to bv the insured, held, that it was error for the court to charge the same to be sufficient compliance with the requirement of the policy.

4.    INSURANCE—Action on Hail Policy—Petition—Conformity with Proof. Where, in an action on an insurance policy the petition alleged certain specific acts as a waiver of proof of loss, and in proof thereof uncontradicted evidence was introduced, without objection, sufficient to prove a waiver thereof upon other grounds, held, that the petition will be considered amended so as to conform to the facts proved, and a waiver so proven fairly in issue.

5.    APPEAL AND ERROR—Harmless Error—Instructions. While in an action on an insurance policy it was error for the court to charge the jury that certain proof of loss introduced in evidence was a sufficient compliance with the requirements of the policy, the same is harmless error, where it appears from unconflicting evidence that proof of loss had been waived.

(Syllabus by the Court.)

*Error from District Court, Kiowa County; F. E. Gillette, Judge.*

Action by F. A. Mittendorf and another against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*J. B. Houston* and *H. C. Brooks,* for plaintiff in error, citing: 2 Wood on Fire Insurance, sec. 438; *Ayers v. Ins. Co.,* 17 Iowa, 176; A. & E. Enc. Law, vol. 13, p. 332; *McGraw v. Ins. Co.*

(Mich.) 19 N. W. 927; *Am. Cereal Co. v. Ins. Co.,* 148 Fed. 77; *Deming Inv. Co. v. Ins. Co.* (Okla.) 83 Pac. 923; *Ins. Co. v. Thorpe,* 48 Kan. 239.

*L. M. Keys,* for defendant in error, citing: Kerr on Insurance, pp. 515, 516; *Ins. Co. v. Paul* (Ind. T.) 83 S. W. 60; *Green v. Ins. Co.* (Iowa) 50 N. W. 558; *Vassey v. Assur. Co.* (S. Dak.) 101 N. W. 1074; *Germania Ins. Co. v. Pitcher* (Ind) 64 N. E. 921; *Conden v. Hail Ass'n* (Iowa) 94 N. W. 447; *Emery v. Ins. Co.* (Cal.) 26 Pac. 88.

TURNER, J. This is a suit brought by defendants in error, plaintiffs below, in the district court of Kiowa county, to recover for total loss on an insurance policy issued by plaintiff in error, defendant below, insuring them against loss or damage by hail, between May 16, and September 15, 1905, at noon, a certain 25 acres of wheat, 15 acres of oats, and 10 acres of smeltz, growing in said county. The petition substantially states, among other things, that plaintiff had performed all conditions precedent in said policy, and had in due time furnished defendant proof of loss, but not upon blanks furnished by defendant, for the reason that the blanks furnished by defendant were each time first filled out by defendant, showing only a partial loss of $100, based upon information furnished by defendant's adjuster sent to adjust the loss soon after it occurred, and which plaintiffs refused to sign, and for that reason, and that said adjuster had offered $100 in settlement, and had left without asking further information, defendant had waived formal proof of loss under said policy.

For answer defendants filed a general denial, and, among other things, alleged that the policy provided:

"The insured shall within sixty days after the loss make proof of loss under oath, stating the date and number of his policy, a description of the land upon which the grain was damaged by hail, the date of the loss or damage, the percentage of damage done to grain on each piece of land. A failure by the assured to give the notice or make proof of loss within the time herein specified, shall cause a forfeiture of any claim under this policy."

And plaintiffs, if loss had been by them sustained, had failed to make proof thereof as thus required, which said failure worked a forfeiture of said claim.

After reply in which plaintiff denied each and every allegation contained in the answer, "so far as the same controverts the allegations stated in the petition," there was trial to a jury, which resulted in a verdict and judgment in favor of plaintiffs for $391.50, and defendant brings the case here.

The only error assigned is that the court erred in giving the following instruction:

"You are further instructed, gentlemen of the jury, that if you find from the evidence that within 60 days from the date of the loss complained of the plaintiffs made out and forwarded to the defendant the proof of loss contained in Exhibit D that has been offered in evidence before you, such proof of loss is a sufficient compliance with the requirements of the policy of insurance, which provides that proof of loss shall be made by the plaintiffs to the defendant within 60 days from the date of such loss."

Said Exhibit D produced by defendant on the trial is as follows:

"Mt. View, Oklahoma, June 19, 1905.

"Van Arsdale & Osborne, Wichita, Oklahoma—Dear Sir: I went this day to the justice of the peace, I. W. Gray, and had him select two other appraisers, which was Mr. C. H. Fisher & Mr. W. H. Garden. We did not make selection of the appraisers. Enclosed you will find a statement from the 3 men above mentioned. Settle this claim on policy No. H. 29908, within 5 days, or we will have to sue on this. Your adjuster, Mr. Payne, acknowledged that we had been damaged, and according to your letter of June 15th could not get me in the fields for settlement. Will say that I was ready to go into the fields at any time, but he was afraid he would miss the train. I would not have done this, but could get no encouragement for settlement, and so I will now have to collect the full amount according to the appraisers. I will also send you notice that was made in fields

showing you how they divided and struck a balance. Please return the same. Yours truly,

"H. R. Davis, T. Z. T·

"T. A. Mittendorf.

"Territory of Oklahoma, County of Oklahoma.

"This is to certify that we the undersigned have this day of June 19, 1905, made a personal inspection of the crops of wheat, oats and smeltz on the —— quarter of section —— in township 8th No. of range 15 W. I. M. in Kiowa County, Oklahoma, and find to the best of our knowledge the loss to be as follows, viz.: Wheat 01 per cent. loss, oats 56 per cent. loss, smeltz 80 per cent. loss. In witness whereof we hereunto set our hands this 19th day of June, 1905·

"I. W. Gray,

"C. H. Fisher.

"W. H. Gordon,

"Subscribed to and sworn before me this 19th day of June, 1905.

"T. E. Given, Notary Public. [Seal.]

"Commission expires August 12, 1907."

In support of this contention it is urged that as said proof of loss was not made by the "insured" "under oath," it is fatally defective. To so instruct was error. To our minds it is clear that "under oath" meant the oaths of the insured, and not the oaths of others, for the reason, among others, that the policy further provides:

"That any  *  *  *  false swearing by the assured relative *  *  *  to the amount or cause of any loss or damage to any insured property, shall be a full satisfaction and discharge of this company from all liability by virtue of this policy and shall be a complete bar to all remedies thereon."

And that proof of loss under oath of the insured constituted a condition precedent to their right of recovery on the policy, upon a performance of which the insurer had a right to insist. And this, too, we believe although said provision in the policy should be liberally construed in favor of the insured, as to which, in *Porter v. Traders' Ins. Co.*, 164 N. Y. 504, 58 N. E. 641, 52 L. R. A. 424, the court say:

"Finally, it should be noted that the condition alleged to have been violated in this case applied only after the capital fact of loss. The object of the provision was to describe the manner in which an accrued loss was to be adjusted and ascertained. The liability of the defendant having become fixed by the happening of the event upon which the contract was to mature, conditions which prescribe methods and formalities for ascertaining the extent of it, or for adjusting it, are not to be subjected to any narrow or technical construction, but construed liberally in favor of the insured. *Solomon v. Continental F. Ins. Co.*, 160 N. Y. 595, 55 N. E. 279, 46 L. R. A. 682, 73 Am. St. Rep. 707; *McNally v. Phoenix Ins. Co.*, 137 N. Y. 389, 33 N. E. 475; *Paltrovitch v. Phoenix Ins. Co.*, 143 N. Y. 73, 37 N. E. 639, 25 L. R. A. 198; *Sergeant v. Liverpool & L. & G. Ins. Co.*, 155 N. Y. 349, 49 N. E. 935; *Matthews v. American Cent. Ins. Co.*, 154 N. Y. 449, 48 N. E. 751, 39 L. R. A. 433, 61 Am. St. Rep. 627."

Nor in so holding are we unmindful of the rule that as to proof of loss all that can be required of the insured is a reasonable and substantial compliance with the conditions of the policy. In *N. W. Ins. Co. v. Atkins,* 66 Ky. 328, 96 Am. Dec. 239, the court said:

"The stipulations referred to, providing for the production of preliminary evidence of loss as a condition precedent to the payment of such loss by the insurer, is not unusual in insurance policies; and it may be regarded as authoritatively settled that a substantial compliance with such a condition must be made by the claimant before a right of action will accrue to him for losses, unless the right to insist on such preliminary condition be waived. Angell on Fire Ins. §§ 223-248; Phillips on Insurance, p. 497; *Columbian Ins. Co. of Alexander v. Lawrence,* 10 Pet. 509, 9 L. Ed. 512; *Smith, etc., v. Haverhill Mutual Fire Ins. Co.,* 1 Allen (Mass.) 297, 79 Am. Dec. 733."

*Home Ins. Co. v. Cohen,* 20 Grat. (Va.) 312; *Rochester Loan & Building Co. et al. v. Liberty, etc., Ins. Co.,* 44 Neb. 537, 62 N. W. 877, 48 Am. St. Rep. 745; *Edward F. Boyle et al. v. Hamburg, etc., Ins. Co.,* 169 Pa. 349, 32 Atl. 553; *Georgia Home Ins. Co. v. Goode & Co.,* 95 Va. 751, 30 S. E. 366; *Swoffard Bros. Dry Goods Co. v. Amer. Cent. Ins. Co.,* 76 Mo. App. 27; *Bartlett*

v. *Union M. F. Ins. Co.,* 46 Me. 500; *Norton et al. v. The Rensselaer, etc., Ins. Co.,* 7 Cow. (N. Y.) 645; *Mary E. Erwin v. The Springfield, etc., Ins. Co.,* 24 Mo. App. 145.

The proof contained in Exhibit D did not substantially comply wtih said requirement of the policy, in that it was not made under oath of the insured, and for that reason was fatally defective.

*Spaulding & Cloe D. Spooner v. Vt. Mutual Ins. Co.,* 53 Vt. 156, was a suit on a fire insurance policy covering a dwelling house, barn, and produce, etc. It was issued to Spaulding and Cloe D. Spooner, his wife, the latter of whom was the sole owner of the property. The plaintiffs alleged partial loss, and notice thereof duly given to the company. Defendant pleaded, among other things, that plaintiff did not make out and deliver a detailed statement thereof as required by the by-laws and act of incorporation of defendant. Said by-laws required that all persons insured by the company and sustaining loss or damage by fire "are forthwith to give notice to the company and within 30 days after said loss to deliver in a particular account in detail of such loss or damage signed with their own hands and verified with their oath or affirmation; * * * they shall also declare on oath whether * * * they were the owners of the property at the time of the loss. If there be any fraud or false swearing claimant shall forfeit all claim by virtue of this policy." Plaintiffs introduced evidence tending to prove that within 30 days after the loss they prepared a detailed statement of the same and deposited it in the post office, duly directed to the defendant company; that said statement was sworn to by Spaulding Spooner, but not by Cloe D. Spooner, the wife, and was signed by both husband and wife. The defendant requested the court to charge, in effect, that the notice was not such a compliance with the by-laws as would entitle plaintiff to recover, which the court declined to do, but charged "that said detailed statement was a compliance with said by-laws," to which defendant excepted. There was verdict for plaintiff. On

appeal the court held that there was no waiver of proof of loss in the case, and in passing said:

" 'The by-laws require a statement of the loss—that is, of the property destroyed or damaged—to be signed by the owner, and. verified by the oath of the owner, with additional oath that the party making such statement was, at the time of the loss, the owner of said property. It turns out that of the property lost Cloe, the wife, was the sole owner. The statement .was not sworn to by her. It does not appear that any oath was made by either as to the ownership of the property.' The court told the jury explicity that that statement was a substantial compliance with the by-laws. This we think erroneous. The failure of the owner of the property to make oath to the statement rendered the statement defective in a material respect. It may be true that such defect might be waived by the company, but there was no evidence in the case tending to show that the company did waive it"— and reversed and remanded the cause.

*McManus v. Western Assur. Co.*, 22 Misc. Rep. 269, 48 N. Y. Supp. 820, was a suit to recover on a fire insurance policy. The plaintiff, among other things, alleged that she duly served proofs of loss on the defendant, and that she had complied with all the other conditions of said policy on her part. The answer was a general denial. The policy, among other things, provided that in case of loss the insured, within 60 days after the fire "shall render a statement to this company signed and sworn to by the insured," stating, among the other things, "the interest of the insured in the property." Proof of loss was duly furnished. It was signed by the insured, and under her signature was the following certificate of oath, not signed by her, and without venue:

"Personally appeared Mrs. Ann McManus, signer of the foregoing statement who made solemn oath of the truth of the same.

"Witness my hand and official seal this eighth day of April, 1896.

"MICHAEL A. BURDETT,
"Notary Public N. Y. Co."

In reply thereto the insurer notified the insured "that the papers offered as proof of loss are defective," and "to serve new

papers in proper form," and urged as objections thereto, among other things, that "the statement prefixed to the schedule is not properly verified." "There seems to be no venue and no affidavit signed by the insured, but merely a certificate of the notary that the insured made oath to the truth of the same." The defects thus pointed out were never corrected by the insured, who claimed the same to be sufficient. Both parties stood on their rights on this point, and plaintiff brought suit on the policy, urging among other things a waiver of proof of loss as to the oath. There was judgment for plaintiff, and defendant appealed. The Supreme Court in affirming the judgment of the trial court said:

"The requirement of the policy that the proof of loss shall be signed and sworn to by the insured means, by general understanding and practice in matters requiring such verification, that the oath, or a certificate thereof, shall be in writing. This present certificate does not state that the affiant made oath before the notary. This defect seems to be fatal to its sufficiency. Proff. Not. § 68; *Smart v. Howe,* 3 Mich. 590. But the company did not include it among its grounds of objection, and thus excluded and waived it. The only objections specified on the head of the oath were that there was 'no venue and no affidavit signed by the insured.' There being no requirement in the policy that the insured shall sign the affidavit, the latter is untenable. Proff. Not. § 67; *Millius v. Shafer,* 3 Denio (N. Y.) 60. But the former was good; absence of a venue making an affidavit a nullity. *Thompsons v. Burhans,* 61 N. Y. 52; Proff. Not. § 66. The affidavit of the notary subsequently made and served upon the company did not supply the lack of a validly certified oath by the insured. It was her oath in writing, or a valid certificate thereof, which the company was entitled to. The proofs of loss were thus fatally defective, and the plaintiff may not prevail unless such defect were waived by the company. It now seems to me as matter of law that it was."

But since forfeitures are not favored, we hold that the giving of this instruction is not reversible error, for the reason that, as the condition insisted on was one inserted in the policy for the benefit of the insurer, the same was one which the insurer might,

and in this instance did, waive.   16 Am. & Eng. Enc. of Law, 934, says:

"Since the conditions of a policy, a breach of which by the assured will give rise to a forfeiture, are inserted for the benefit of the insurance company, they may be waived either pending the negotiations for the insurance, or after such negotiations have been completed and during the currency of the policy, and this either before or after the forfeiture is . incurred; and, since forfeitures are not favored in the law, the courts are always prompt to seize hold of any circumstances that indicate an election to waive."

There is no conflict in the evidence.

On this point the record discloses that the loss sued for accrued May 26, 1905, that soon thereafter plaintiffs notified defendant thereof, who in a short time sent its adjuster to the scene; that he with one of the insured examined the injury sustained to the crops, and on a blank furnished by the company prepared proof thereof, showing a loss of 40 per cent. to the wheat, 30 per cent. to the oats, and 30 per cent. to the smeltz, a damage in all of $100, and presented the same to said insured to sign, but who refused, and then and there claimed a total loss; that after plaintiffs and said adjuster were unable to agree as to the extent of the loss, the former asked for appraisers to appraise the same, which said adjuster declined to appoint on behalf of the company; that plaintiffs afterwards demanded of defendant in writing an appraisement of said loss; that defendant refused to appoint or select appraisers for that purpose; that soon thereafter plaintiffs furnished to defendant proof of loss, as set forth in Exhibit D, whereupon, on June 15, 1906, defendant wrote inclosing proof of loss on one of its blanks, filled out as theretofore presented to plaintiffs by said adjuster, with the request that they sign and return the same, promising when received that a draft for $100 would issue in payment thereof, which was not done; and that since furnishing said proof of loss plaintiffs have received no objection thereto, and no communication of any kind from defendant concerning their claim.   Receiving and retain-

ing said proof of loss, now in the answer for the first time complained of, without objecting to any defects therein, was a waiver of any objections thereto, and that, too, as a matter of law under the undisputed evidence herein. 4 Cooley's Briefs on the Law of Insurance 3544, and cases cited. But it is in effect contended that no question of waiver is before us, for the reason that the court did not charge thereon, and confined plaintiff to proof of loss as required by the terms of the policy as a condition precedent to his right of recovery. The point is not well taken.

Examination of the record discloses that a waiver of said condition was pleaded by plaintiffs; that while they did not specifically predicate such waiver upon the fact that defendant received and retained the proofs furnished without objection, yet as such evidence was introduced by them without objection, in proof of waiver, we hold that their petition was, in effect, amended so as to conform to said facts proved (*Cap. Ins. Co. v. Bk. of Pleasonton,* 48 Kan. 397, 29 Pac. 578; *M. V. R. Co. v. Caldwell,* 8 Kan. 168; *Mitchell v. Milhoan,* 11 Kan. 461), and thereby put a waiver, based upon that ground, fairly in issue. Had defendant objected to the introduction of said evidence for the reason that no waiver based upon that ground had been pleaded, plaintiffs would doubtless have amended so as to set it up. As it did not do so, but permitted the evidence to be introduced without objection, thereby treating waiver upon that ground as a proper issue, it is now too late to complain.

*Wilson v. N. W. Mut. Acct. Asso.,* 53 Minn. 470, 55 N. W. 626, was a suit by plaintiff's administrator on an accident policy. After the death of the insured, and before the appointment of the said administrator, proof of the claim was made by one Jones on a blank form of claim received from defendant association. After sending same to defendant, no further proof was demanded, and prior to the bringing of the suit several attempts were made by defendant to settle the claim. Defendant pleaded in defense insufficiency of the proof of loss. On appeal the Supreme Court held that defendant could not be allowed to defeat a recovery on

the ground that it was incumbent on plaintiff himself to file the proof, or that he could not with its implied consent adopt the act of Jones, saying:

"It is analagous to the reception and retention of defective proof of a claim. In such cases good faith would require that the association give notice indicating the defect; and the failure to object to defective proofs, or a refusal to pay on other grounds, is regarded as an acceptance of the defective proofs, and a waiver of defects. *American Life Ins. Co. v. Mahone,* 56 Miss. 180; *Miller v. Eagle Life & Health Ins. Co.,* 2 E. D. Smith (N. Y.) 268; *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474, 10 N. E. 242, 59 Am. Rep. 810."

And the court added:

"But appellant calls attention to the fact that in the complaint plaintiff alleged the making and filing of proper proof of the claim by him, which was put in issue by the answer, and that no waiver of full performance of the condition precedent to recovery was pleaded in the reply. Not having pleaded a waiver, plaintiff was limited to proof of performance as alleged in the complaint is the position of appellant's counsel, who cites *Guerin v. St. Paul F. & M. Ins. Co.,* 44 Minn. 20, 46 N. W. 138, and *Mosness v. German American Ins. Co.,* 50 Minn. 341, 52 N. W. 932, in support of the position. We need not consider the condition of the pleadings on this subject, because no objection was made on that ground to the reception of the testimony relative to the filing of proof of the claim by Jones, plaintiff's subsequent reliance upon and adoption thereof, with the implied consent of defendant's officers, the statement of the secretary that this proof was satisfactory, so far as he knew, and other statements and acts which estopped defendant association from asserting that satisfactory proof of the claim had not been made. Nor was the point made when defendant moved for a verdict in its favor at the close of the evidence. All questions of ratification, adoption, and waiver of proof, other than that furnished by Jones, were evidently regarded as proper issues under the pleadings, and it is now too late for counsel to insist that they were not. He is concluded on his course upon the trial"—

and affirmed the judgment of the trial court.

It follows that, as there was no conflict in the evidence, the question of waiver was one of law for the court (*Helvetia Swiss*

*Fire Ins. Co. v. Edward P. Allis Co.,* 11 Colo. App. 264, 53 Pac. 242; *Dwelling House Ins. Co. v. Dowdall,* 159 Ill. 179, 42 N. E. 606; *Spring Garden, etc., Ins. Co. v. Evans,* 9 Md. 1, 66 Am. Dec. 30; *Pretzfelder v. Merchants', etc., Ins. Co.,* 123 N. C. 164, 31 S. E. 470, 44 L. R. A. 424); that upon the undisputed facts plaintiffs were entitled to have the law declared to be that defendant by retaining, without objection, the proof of loss furnished by them waived all objection thereto, including the objections that the same was not sworn to by the insured, and a verdict directed for plaintiffs. Under this view of the case the error complained of was harmless. *Ins. Co. v. Allis Co., supra.*

The judgment of the lower court is affirmed.

All the Justices concur.