### MESSMER v. NIAGARA FIRE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

INSURANCE,—WAIVER OF PROOF OF LOSS—QUESTION FOR JURY.

Where the proof of loss was retained without objection by the company until after the expiration of 60 days after the fire, and after the proof had been received there had been negotiations in respect to the adjustment of the loss, and the adjuster wrote to insured acknowledging receipt of the proof of loss, and "trusting that the matter will, in due time, be straightened out all right," the question whether the company had waived more formal proof of loss was for the jury.

Action by Anna H. Messmer against the Niagara Fire Insurance Company. Plaintiff was nonsuited, and her exceptions were ordered to be heard in the appellate division in the first instance. Sustained, and new trial granted.

Issues of fact were brought to trial at a trial term in Monroe county in January, 1897. The action was commenced in May, 1896, upon a policy issued by the defendant, and countersigned by Fisher, its agent at Model City, on the 21st day of September, 1895, insuring the plaintiff against loss by fire in the sum of $1,200 "on her two-story frame, composition roofed building, situ-

ated on lot No. 22, in block No. 103, on north side of Third avenue, in Model: City, N. Y." It is admitted that on the 19th of October, 1895, while said policy. was in full force, a fire occurred, and "that the plaintiff, if entitled to recover at all, is entitled to recover the full amount of the policy, viz. $1,200." At' the trial, "defendant admits that notice of the fire which caused the loss for · the recovery of which this action was commenced was given by the plaintiff more than sixty days prior to the commencement of this action." Fish- er, the agent who issued the policy at the time of the negotiations for it,. was informed of the exact equity which the plaintiff had in the premises, and' was shown the contract under which she held right to possession and owner- ship of the property. At the close of the plaintiff's evidence the defendant moved for a nonsuit on the ground "that the plaintiff has failed to comply with the condition precedent to a recovery in failing to serve proper proofs of loss within the sixty-days time required after the loss by the terms of the contract that the plaintiff seeks to recover upon." The motion for a non- suit was granted upon that ground. The plaintiff asked to go to the jury "on the question of waiver as to the alleged defects in the first so-called 'proof' of loss' furnished." The request was denied, and the plaintiff excepted. The · plaintiff also asked to go to the jury "upon the question of the reasonableness · of the time within which the second proof of loss in evidence in this case was · furn¹shed." This was denied, and the plaintiff excepted. The court granted' a stay, and ordered the case to be heard by the appellate division in the first: instance.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Herbert J. Stull, for plaintiff.
Newell B. Woodworth, for defendant.

HARDIN, P. J.    Plaintiff, at the time of the fire, held the policy · of the defendant covering her property mentioned therein, which· was totally destroyed on the 19th of October, 1895, by fire. It was · admitted that the defendant received due notice of the loss.    A statement of the details of her loss as she understood them was pre- pared by her, and she testifies, viz.:

"It is my handwriting.    I wrote it in Mr. Fisher's office, and handed it to · Mr. Fisher;    *    *    *    and I took it with me to the bridge.    I made the affidavit on it at the bridge and handed it to Gatchell, whom I asked to hand it to Fisher at Model City, and to ask him to forward it to the company.    I' afterwards saw it in the possession of Mr. Howes, adjuster of the company, . at my house in Rochester."

The paper was then offered in evidence by the plaintiff, and, not- withstanding the objection thereto made by the defendant, it was received, and marked "Exhibit 2."    At the top of the exhibit are · the words: "Cost of building of Anna H. Messmer.    Loss 8067."' The figures "8067" correspond with the figures upon the policy as its · number.    The paper then contains an enumeration of the floor joist; ceiling and roof; studding; sills; sheeting; flooring; hardwood;. siding, hard; ceiling, pine; cost of front; two front doors; eleven· windows anu frames; two back doors; outside painting; inside oil- ing and painting; stairs; roofing paper; plate glass; nails and¨ hardware; sidewalk in front of store; carpenter work; upper floor; roofing; sink and pump; inside doors; counters in store window; · and one thousand brick for chimney; with an enumeration of the · number of feet of timber, and the price per thousand, and the value of the several items enumerated in the schedule of loss, and extended :

at an aggregate value of $1,866.65. Subjoined to that statement is an acknowledgment, signed by the plaintiff, bearing date the 6th day of November, 1895. A certificate to the effect that the acknowledgment was taken before A. W. Gatchell, notary public, was attached, and it states that "she duly acknowledged to me that she executed the same, and the items are correct to the best of her knowledge and belief." That statement was signed by the plaintiff. The plaintiff, after she had testified that she handed the statement to Fisher, the defendant's agent at Model City, with a request to forward it to the company, added:

"I afterwards saw it in the possession of Mr. Howes, adjuster of the company, at my house in Rochester."

She also testified, viz.:

"I never received any objection from the company to the sufficiency of that paper as a proof of loss, except that I wrote to the company, and Mr. Howes wrote me back, saying that he had received a paper with figures on, but that he did not consider it in any way a proof of loss. I cannot remember exactly when I received that letter, but it was some time in December. It was written in response to a letter from me, asking why my claim was not paid."

The letter written by Fisher on the 8th of November to the general agent of the defendant was produced, and read in evidence, and it stated, among other things, as follows:

"Mrs. A. H. Messmer, loss 8067, requests me to mail you the inclosed. I told her there was no use mailing this to you, as you would come here to adjust; besides, that this simple list was not in form, etc.; but she said she wanted it mailed to you, so I send it. Would like you to give this loss attention as early as possible.

"Yours, truly,                                        James T. Fisher, Agt."

It appears by the letter written by Howes, the general agent of the company, that some effort was made subsequent to that, and prior to the 19th of December, to meet the plaintiff, and adjust the loss. In his letter of December 19th he says:

"I regret exceedingly that, after my cold drive from Suspension Bridge to Model City, I failed in meeting you. I am unable to state at this time when I can give the matter my personal attention in the future. * * * Trusting that the matter will, in due time, be straightened out all right, I remain,

"Very respectfully yours,                A. P. Howes, General Agent."

The plaintiff, after she received the letter of the 19th of December from Howes, went to Model City, and asked Fisher what she should do in the case. She wrote to Howes for blank proofs of loss, and on the 26th of December 1895, he mailed blank proof of loss, with a statement that she might "make such use of as you may desire." Subsequently she applied to Fisher, who filled out the proofs of loss, and they were sworn to on the 31st day of December, 1895, by the plaintiff, before A. W. Gatchell, notary public, and he subjoined thereto the usual certificate, and accompanying the same was a detailed statement of the materials used in the building, and the value thereof, showing the total loss to be $1,898.07. The detailed schedule had attached to it the following certificate:

"We believe the above list to be a true and correct list for a duplicate of building owned by Mrs. Messmer at Model City, N. Y., that was destroyed by fire.                                                       W. E. Smith.
                                                              "J. W. Cone."

Smith and Cone seem to be contractors and builders, who prepared the schedule.    After the proofs of loss, with the schedule attached, and the certificate of the notary, were complete, they were transmitted to the defendant, and the defendant received the proof, and retained it, without objection to its sufficiency or the time within which it was furnished.

Upon all the evidence presented at the trial we are of the opinion that a question of fact arose, which should have been submitted to the jury, as to whether the defendant had not, by retaining without objection for a period of more than a month, and until after the expiration of 60 days after the fire, the proofs of loss as first furnished, waived any defects therein.    After the same were received, evidently there was some negotiation in respect to an adjustment of the loss between the plaintiff and the defendant's agents.    The letter of December 19th, written by Howes, the general agent, clearly indicates that he received the statement which she made of the details of her loss; and doubtless he referred to that statement when he used the words as follows: "I did receive a paper with some figures on it."    He then adds in the same letter: "I regret exceedingly that, after my cold drive from Suspension Bridge to Model City, I failed in meeting you."    Before he closed that letter he used the following words: "Trusting that the matter will, in due time, be straightened out all right, I remain."    These latter words might justify an implication that negotiation was still pending for the adjustment of the loss.    Under the circumstances disclosed by the evidence we think the defendant was called upon to object to the proofs of loss that were furnished within a reasonable time, and to point out the defects, to the end that the plaintiff might remedy them within the period of time in which she was permitted to lodge with the defendant formal proofs; and a question of fact was presented for the jury to consider whether, under all the circumstances, the defendant had not waived the right to insist upon more formal proofs.    Bumstead v. Insurance Co., 12 N. Y. 81; O'Neil v. Insurance Co., 3 N. Y. 122; Post v. Insurance Co., 43 Barb. 351.

In Martin v. Indemnity Co., 151 N. Y. 106, 45 N. E. 381, the court, in speaking of notice that had been given, said:

"It did not contain all the particulars specified in the condition.    The company retained the notice, and did not call for further particulars.    The policy, after prescribing that immediate notice of an injury should be given, and specifying the particulars to be given, proceeds, 'And failure to give such immediate notice, mailed within ten days from the happening of such accident, shall invalidate all claims under the certificate.'    Where a forfeiture is claimed for a nonobservance of a condition in a policy of insurance, requiring some notice to be given after a loss or liability has been incurred, a clear case must be made, and in case of doubt the condition is most strongly construed against the insurer.    *    *    *    The company could have demanded further particulars, but, having omitted to do so, it waived any objection to the form or contents of the notice."

It has been held that the service of proofs of loss may be waived by parol.    Lowry v. Insurance Co., 32 Hun, 329, affirmed 105 N. Y. 646.    And it was held that, under the circumstances disclosed in that case, the question of waiver should have been left to the jury.

48 N.Y.S.—31

And the doctrine was also, in that case, laid down "that, after loss has happened, conditions in the policy, with respect to preliminary proofs, may be waived by parol, though the policy contain a stipulation that no waiver shall take place except in writing, signed by the president or secretary of the company." That doctrine seems to have been sanctioned in several cases; and in Paltrovitch v. Insurance Co., 143 N. Y. 73, 37 N. E. 639, it was held, viz.: "The stipulations of a fire insurance policy which relate to the procedure merely in case of loss are to be reasonably, not rigidly, construed." The same doctrine was stated and followed by this court in Partridge v. Insurance Co., 13 App. Div. 526, 43 N. Y. Supp. 632. Upon all the evidence disclosed, we think the trial judge fell into an error in refusing to submit to the jury "the question of waiver as to the alleged defects in the first so-called 'proof of loss' furnished." We think the plaintiff's exceptions should be sustained, and a new trial ordered.

Plaintiff's exceptions sustained, and motion for a new trial granted, with costs to plaintiff to abide the event. All concur.